SAMUEL R. JACOBY, PLAINTIFF IN ERROR, V. ROBERT MITCHELL AND HENRY BROADWATER, DEFENDANTS IN ERROR.

1. **Bill of Exceptions.** Affidavits used as evidence upon the hearing of a motion in the district court will not be considered in the supreme court unless preserved as a part of the record by a bill of exceptions, and when such papers are improperly attached to the record they will, upon motion, be stricken from the files. *Graves v. Scoville*, 17 Neb., 593.

2. **Appeal: NONSUIT.** Where an appeal is taken to the district court from the judgment of a justice of the peace, and the

plaintiff fails to prosecute his appeal by filing his petition within the time required by law, and no excuse is shown which would justify the delay, it is not error for the district court, on motion and notice to the plaintiff, to nonsuit the plaintiff and render judgment as provided in sections 1010–11 of the civil code.

3. **Motion:** PRACTICE. When a motion is argued and submitted to a court for a decision thereon, it is the duty of the court to decide the same upon the record as it existed at that time, unless the submission is set aside or it is brought to the knowledge of the court that a party desires to be heard upon a different condition of the record. Any papers filed after the submission without leave of the court or the knowledge of the judge will not be considered in reviewing such decision.

ERROR to the district court of Lancaster county.    Tried below before POUND, J.

*L. C. Burr*, for plaintiff in error.

*Foxworthy & Son*, for defendants in error.

REESE, J.

Defendants in error file motion to strike certain affidavits from the paper in this cause, for the reason that they are not made a part of the bill of exceptions and preserved in the record thereby.    As it is well settled in this court that affidavits purporting to have been used as evidence on the hearing in the district court, to be available here, must be preserved by a bill of exceptions making them a part of the record, and this has not been done, the motion is sustained.    *Graves v. Scoville*, 17 Neb., 593.

The original action was instituted before a justice of the peace by plaintiff in error.    The trial resulted in favor of defendant.    Plaintiff in error appealed to the district court, filing his transcript on the 29th day of October, 1883, during the term of said court, and the cause was placed upon the docket by the clerk.

On the 25th day of February, 1884, and during the February term of said court, the defendant filed a motion for non-suit and judgment under the provisions of sections 1010-11 of the civil code. The motion was sustained and judgment was rendered accordingly. Plaintiff alleges error in this ruling of the court. As the time for filing the petition had expired, and no excuse for the neglect was shown, the decision of the court was correct. Had any good reason for the delay existed, it was the duty of plaintiff to have presented the same to the court and then any abuse of discretion, if any existed, could have been corrected, but as no such showing was made there could be no discretion in the matter.

The motion was argued and submitted to the court on the 7th day of March, 1884. After the submission, but before the final ruling was made, plaintiff filed his petition and an affidavit of one of his counsel, but they were filed without leave of court and without the knowledge of the presiding judge, and were not considered by him when passing on the motion. This could not aid plaintiff in any respect. The district court could not do otherwise than decide the case as presented to him, and when so presented and submitted he had the right, and it was his duty, to decide upon the merits as presented by the record at that time, notwithstanding the fact that the decision may have been made some days afterwards, unless some action was taken by plaintiff to set aside the submission or in some way bring to the knowledge of the court his desire to be heard upon a different condition of the record from that upon which the submission was made. It would be an anomaly to hold that after a cause was submitted to a court for its decision that the judge should examine the files and records of the case immediately before his decision, for the purpose of ascertaining whether or not the parties had filed, without his knowledge or consent, anything which would change the legal aspect of the case. Common fairness to

the court, if no other reason, would condemn such a prop-
osition.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

.THE other judges concur.