[No. 15513. In Bank.—June 15, 1894.]

R. C. BRODER ET AL., PETITIONERS, v. THE SUPERIOR COURT OF MONO COUNTY, AND W. H. VIRDEN, JUDGE, RESPONDENT.

TRIAL—INTERLOCUTORY JUDGMENT—FINDINGS—COMPLETION OF TRIAL—DISCRETION—MANDAMUS.—Where a judge upon the filing of findings of fact and conclusions of law directed counsel to prepare an interlocutory judgment for the purpose of directing a referee to take an account between the parties, the rights of the parties are not finally determined, and the trial is not completed; and the mode of trial and the decision yet to be made are to be determined in the discretion of the trial court, which has the power to set aside the direction to prepare an interlocutory judgment, and to set the cause for trial, and it cannot be compelled by *mandamus* to enter a judgment and decree upon the findings of fact and conclusions of law.

APPLICATION for a writ of mandate to the Superior Court of Mono County.

The facts are stated in the opinion of the court.

*Richard S. Miner,* for Petitioners.

*P. Reddy,* and *W. H. Metson,* for Respondent.

HARRISON, J.—Application for writ of mandate.

In *Broder* v. *Conklin*, 98 Cal. 360, the order of the superior court of Mono county, setting aside a judgment that had been entered on the judgment book of that court in pursuance of certain findings of fact and conclusions of law previously filed therein, was affirmed, and after the *remittitur* had been filed in the court below the petitioners herein made a motion before that

court, that a judgment and decree be entered in the cause upon said findings of fact and conclusions of law. This motion was denied by the superior court, and the petitioners have made application to this court for a writ of mandate, directing the respondent to render and enter a judgment in accordance with and upon said findings of fact and conclusions of law.

A judgment is the final determination of the rights of the parties in an action, and when the action is tried by the court, cannot be entered until after a decision of the cause has been rendered; hence a writ of mandate will not be granted to compel a court to enter a judgment in a cause until after the court has tried the cause and rendered its decision. So long as any judicial act remains to be performed before the decision can be made, the cause has not been tried, and a judgment cannot be entered. While the cause remains undetermined the court before which it is pending cannot be compelled to try it in any particular mode, or to make any special order for the mode in which it is to be tried. The action of the court may be reviewed upon appeal, but cannot be controlled or supervised by a previous direction of this court. While the cause remains undecided the trial court is not concluded by any ruling or order that it may have made during the trial, or by any conclusion which it may have reached upon a controverted question of fact. It may change its ruling whereby evidence has been excluded or received and allow such evidence, and make a ruling with reference thereto according to its subsequent view; it may set aside the submission of the cause and allow additional evidence upon one or all of the issues in the case, even if it has indicated or formulated its conclusion upon the evidence already received; it may set aside an order of reference to try an issue and try the issue itself; or it may vacate any other interlocutory order made in the progress of the trial. Until all the issues in the case have been decided, and the decision filed with the clerk, the cause remains in the breast of the judge, and during that

time cannot be controlled or directed by any super-visory court.   In *Broder* v. *Conklin*, 98 Cal. 360, we said: " It sufficiently appears in the present case that at the time when Judge Rooney filed his findings of fact and certain conclusions of law he did not himself con-sider that the action had been fully tried.   His conclusion that the plaintiffs were entitled to judgment was quali-fied by the next clause in which he directed counsel to prepare an interlocutory judgment for the purpose of directing a referee to take an account between the parties.   It is manifest from this direction that the character and extent of the judgment was not to be determined by him until after such account had been taken."   As the rights of the parties to this action can-not be finally determined, and a corresponding judgment rendered until after an account has been taken, and as the trial court cannot be compelled to enter an inter-locutory order or judgment for the reference and an accounting, it follows that the cause has not been fully tried, and that the mode of trial and the decision yet to be made are to be determined in the discretion of the trial court.   After the aforesaid findings were filed the court still retained the power to set aside its direction to counsel to prepare an interlocutory judgment direct-ing a reference, and could take such steps with reference to completing the trial as it might deem expedient or most in accordance with the interests of the parties before it. The order of May 13th, that the cause be placed upon the calendar to be set for trial, was an exercise of its judicial discretion, and is not to be set aside or super-seded by a direction from this court to act in a different manner.

The application for the writ is denied.

McFARLAND, J., GAROUTTE, J., and FITZGERALD, J., concurred.