[Sac. No. 1663.  Department One.—September 1, 1909.]

## WILLIAM LAND et al., Respondents, v. ALICE K. JOHNSTON, Appellant.

APPEAL—STATUTES LIMITING TIME FOR TAKING ARE JURISDICTIONAL.—
Statutes limiting the time of appeal are jurisdictional and mandatory, and as the time within which a notice of appeal may be filed is fixed by law it cannot be enlarged by stipulation of the parties or order of court.

ID.—ORDER REFUSING NEW TRIAL — DATE OF ENTRY — ALTERNATIVE METHOD OF APPEAL—PRESUMPTION AS TO DATE OF ENTRY.—Where the record on appeal does not affirmatively show the date of the entry of an order denying a motion for a new trial, but only the date of its filing, and it was stipulated that the appellant should have five days after notice of the entry of the order within which to serve and file a notice of appeal therefrom, and such a notice was given on a day made certain by the record and the appeal was taken within five days thereafter, it will be presumed, in support of the appeal under the alternative method provided for by the act of March 20, 1907, that the order was not entered on the minutes of the court more than five days prior to the filing of the notice of appeal.

ID.—REVIEW OF PLEADINGS AND FINDINGS.—On a mere appeal from an order denying a motion for a new trial, no question of the sufficiency of the pleadings, or of the findings to support the judgment can be considered.

WATER-RIGHTS—APPROPRIATION—ABANDONMENT—CONFLICT OF EVIDENCE.
—In an action involving the question of the abandonment of a water-right acquired by appropriation, a finding against an abandonment will not be interfered with on appeal when the evidence with respect thereto is substantially conflicting.

ID.—TEMPORARY NON-USE.—The mere temporary non-use by an appropriator of water during one year, without any intent to abandon his right, is not sufficient to constitute an abandonment of the acquired right.

ID.—EVIDENCE OF USE OF WATER BY APPROPRIATOR.—In such an action evidence of the appropriator as to the fact of his use of the water after the date when it was claimed by the defendant that he had abandoned his right, and as to an arrangement made by him with a third person by which he authorized such person to use some of the water, was admissible upon the issues of abandonment and non-use.

ID.—REOPENING CASE AFTER SUBMISSION.—It is discretionary for the trial court to permit the plaintiff to reopen his case and introduce further evidence after the case had been submitted and before any decision had been rendered.

APPEAL from an order of the Superior Court of Placer County refusing a new trial. Frank T. Nilon, Judge presiding.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, for Appellant.

Tabor & Tabor, for Respondents.

ANGELLOTTI, J.—This is an appeal from an order denying defendant's motion for a new trial in an action brought by plaintiffs to obtain a decree adjudging that plaintiffs are the owners of certain waters running in the north or east branch of a ravine in Placer County known as Mormon ravine, to the extent of twenty-five inches, miner's measure, and restraining defendant from interfering with, diverting or using any of said waters in such a way as to prevent the flow of such quantity of water to the heads of plaintiffs' ditches. The judgment was in favor of plaintiffs, and restrained defendant to the extent asked in the complaint.

There is some question whether we have jurisdiction of this appeal. The order denying defendant's motion for a new trial was a written order signed by the judge, and this, the record shows, was filed with the clerk of the superior court on June 1, 1907. The appeal was not taken until June 1, 1908. Reliance was apparently placed upon a stipulation of the parties that the defendant should have five days after notice of the entry of the order denying the motion for a new trial within which to serve and file a notice of appeal from such order. Such notice was not given until May 27, 1908, and the appeal was taken within five days thereafter. But the

time within which a notice of appeal may be filed is fixed
by law and cannot be enlarged by stipulation of the parties
or order of court. Statutes limiting the time of appeal are
jurisdictional and mandatory. (See *Williams* v. *Long,* 130
Cal. 58, [80 Am. St. Rep. 68, 62 Pac. 264].) The time within
which a notice of appeal may be given is expressly excepted
by section 1054 of the Code of Civil Procedure, from the cases
in which the time allowed by the code may be extended. If
it were not for the act providing a new and alternative method
of appeal, approved March 20, 1907 (Stats. 1907, p. 753),
which went into effect a few days before the order denying
a new trial was filed, we do not see why subdivision 3 of sec-
tion 939 of the Code of Civil Procedure, providing that an
appeal from various specified orders, including an order deny-
ing a motion for a new trial, must be taken within sixty days
after the order "is made and entered in the minutes of the
court or *filed with the clerk*" would not preclude consideration
by us of the appeal. The act of 1907 referred to above, how-
ever, provides that the notice of appeal may be filed at any
time after the rendition of the order, but must be filed within
sixty days after notice of the entry thereof, provided, "that
if no notice . . . be given the notice must, nevertheless, be
filed, under any circumstances, not later than six months *after
the entry* of the judgment, order or decree." The record does
not affirmatively show the date of *entry* of the order, but only
the date of *filing.* No point is made by respondents in regard
to this matter, they apparently being desirous of abiding by
the terms of the stipulation given by them. We think that
in view of the condition of the record we are warranted in
assuming that the order was not entered on the minutes of
the court more than five days prior to the filing of the notice
of appeal.

There being no appeal from the judgment, but only an
appeal from the order denying a motion for a new trial, no
question of the sufficiency of the pleadings, or of the findings
to support the judgment, can be considered by us. It is urged
that certain findings of fact are unsupported by the evidence.
The plaintiffs' claim in this action is based on the alleged
facts that plaintiffs' predecessor appropriated this water in
the year 1857 for mining and agricultural purposes, that
plaintiffs and their predecessors in title have continuously

used the same for such purposes from that time down to the present, that at the time of such appropriation the land now owned by defendant, and for which, as a riparian owner, she claims the right to use the water, was unoccupied public land of the United States not claimed by any person, and that it so continued until May 5, 1865, when the right of the Central Pacific Railroad Company, under the act of July 2, 1862, attached. Their theory is that the railroad company, defendant's predecessor in title, thus subsequently acquiring this land from the United States, took it, under the express terms of the grant, subject to their appropriation so far as any riparian rights are concerned. (*Broder* v. *Natoma Water Co.,* 101 U. S. 274; *South Yuba Water Co.* v. *Rosa,* 80 Cal. 333. [22 Pac. 222]; *Himes* v. *Johnson,* 61 Cal. 259; *Ramelli* v. *Irish,* 96 Cal. 214, [31 Pac. 41].) The trial court found that the appropriation was made by plaintiffs' predecessor, one Boles, in the year 1857, as alleged, and it is not claimed in appellant's brief that this finding is not sufficiently sustained by the evidence. Nor is there any claim in the brief that the evidence was insufficient to sustain a conclusion that both the land of defendant and the place immediately below the same where Boles's diversion of the water was made were then and for several years thereafter unoccupied public lands of the United States, unclaimed by any one. There was an issue on the question whether plaintiffs and their predecessors had continued to use the waters from 1857 to the present or had abandoned their rights under the appropriation, and the findings of the trial court in favor of plaintiffs on this question are attacked as not being sufficiently supported by the evidence. We are satisfied that the most that can be said for defendant on this contention, is that the evidence was substantially conflicting. Mere temporary non-use by Boles of the water during one year, some time subsequent to the appropriation, without any intent to abandon his right, which is the most that can reasonably be claimed to be shown by evidence without conflict, would not be sufficient to establish an abandonment of the acquired right. (See *Smith* v. *Hawkins,* 110 Cal. 122, 126, [42 Pac. 453].) It is urged that the evidence shows that Boles on January 8, 1874, conveyed all his rights in this water to Lyman Crary and others, with whom plaintiffs have not connected themselves in title, but an inspec-

tion of the instrument of conveyance shows that Boles reserved such an interest in the water and water-rights for irrigation purposes as entitles him and his successors in interest to the use of all thereof except such as may be needed and used by Crary and others for mining purposes. Any use for mining purposes of this water appears to have been abandoned long ago.

There was no error in the admission of evidence given by Boles as to the fact of his use of the water after 1865, or as to an arrangement made by him with Mr. Kelley in 1863 by which he authorized Kelley to use some of the water. The evidence was material and relevant upon the issues of abandonment and non-use. It cannot be held that the trial court committed an abuse of discretion in allowing plaintiffs to reopen their case and introduce further evidence after the case had been submitted and before any decision had been rendered. It is not suggested that defendant was deprived of any opportunity to reply to the additional evidence.

No prejudicial error was committed in the matter of evidence relative to the question presented by the pleadings whether the land now owned by defendant and the land where Boles's appropriation was made constituted, at the time of such appropriation, public land of the United States, unoccupied and unclaimed.

We find in the brief of appellant no sufficient reason urged for a reversal of the order.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.