[Sac. No. 1763. In Bank.—August 5, 1911.]

## JOHN W. SULLOWAY, Appellant, v. CHARLES F. SULLOWAY, Respondent.

WILL—JOINT DEVISE OF WATER-RIGHT AND DITCH TO SEVERAL DEVISEES —EASEMENT FOR EXTENSION OF DITCH.—Where a testatrix by her will devised adjoining tracts of land in severalty to her two sons, and also devised to them, as joint owners, a certain water-right and water ditch used by her to convey water to such lands, which ditch terminated on the portion of the land given to one of the sons, with the request that they jointly use the same, the other son acquires the right to extend the water ditch from its terminus over the land devised to his brother to and for the benefit of his own land, and the brother's land is created a servient tenement for that purpose.

ID.—INTERPRETATION OF GRANT—ESSENTIALS TO USE PRESUMED TO BE GRANTED.—Under section 3522 of the Civil Code, one who grants a thing is presumed to grant also whatever is essential to its use, if it is within the power of the grantor to do so, and there is nothing in such will indicating a contrary intention on the part of the testatrix.

ID.—ACTION TO ESTABLISH EASEMENT IN EXTENSION OF DITCH—PLEAD-
ING—EVIDENCE.—In an action by the devisee of the dominant tene-
ment, to be let into possession, use, and enjoyment of his moiety of
said water-right and water ditch, and of an extension of said ditch
constructed by him across the land of the other devisee, and to estab-
lish an easement upon the land of the latter in favor of his land in
such extension of the ditch, it was not necessary, in order to entitle
the plaintiff to the relief demanded, in the absence of any issue being
tendered in respect thereto by the answer, for the complaint to allege
or the evidence to show the amount of water owned or used by the
testatrix, or the capacity of the ditch owned by her; and, where no
issue was raised as to the reasonableness of the location of the ex-
tension ditch actually constructed by the plaintiff, or of its size or
capacity, there was no necessity for any evidence as to the exact
location, size, or capacity of such extension.

ID.—REFUSAL TO REOPEN CASE.—If evidence was necessary to definitely
settle any question of the size or capacity of such ditch, it was error
for the trial court, after the close of the trial, and when the objection
was first raised in the argument of counsel, to refuse the request of
the plaintiff to open the case for the purpose of introducing evidence
on such matters.

APPEAL from a judgment of the Superior Court of Siski-
you County and from an order refusing a new trial.   James
F. Lodge, Judge.

The facts are stated in the opinion of the court.

Frank W. Hooper and James F. Farraher, for Appellant.

Taylor & Tebbe, for Respondent.

ANGELLOTTI, J.—Mary Sulloway, the mother of the
parties to this action, gave to plaintiff by her last will certain
real property in section 7, T. 40, N. R. 4 W., Mt. D. M., in
Siskiyou County, being the S. ½ of the S. E. ¼ of the S. W. ¼
of said section.   By the same will she gave to defendant
certain real property in said section, including the N. ½ of
the S. E. ¼ of the S. W. ¼ of said section.   By the same
will she provided as follows: "I . . . give and devise unto
my sons John W. Sulloway and Charles F. Sulloway, and
request that they use jointly the water or irrigating ditch
that now conveys water upon and to section 7 in township
40 north of range 4 west M. D. M., as I desire them to be
joint owners of the said ditch and water-right."   The decree

of distribution made May 15, 1902, in the matter of her estate, gave to plaintiff the land devised to him by the will, the only portion thereof located in said section 7 being that above described, "together with the undivided one half of the water-right and ditch now used to convey water upon section 7 in township 40 north of range 4 west M. D. M.," and gave to defendant the land devised to him by the will, and also the undivided one half, etc., of the water-right and ditch by substantially the same language as that used in reference to plaintiff. It is not claimed that there is any material difference between the effect of the language of the will and that of the decree of distribution in this respect. The ditch referred to entered the S. W. ¼ of said section 7 at a point on land given to defendant, and traversed a portion of the N. ½ of the S. E. ¼ of said S. W. ¼, but did not reach plaintiff's portion of said S. W. ¼, ending, according to the findings, at a point "near to" the northerly boundary line of plaintiff's portion, and according to the evidence, some "100 to 300 feet north of the north boundary of plaintiff's land." The extension of said ditch from its then terminus across defendant's land to plaintiff's land is the only means whereby plaintiff can conduct his waters upon such land and secure the use and enjoyment of his moiety in such water-right and water ditch without working damage to defendant's land; and without such extension plaintiff's rights in the water and water ditch will be rendered utterly valueless. Plaintiff's said land is agricultural in character, and capable, with proper irrigation, of producing large crops of hay, grain, grasses, and vegetables, but without irrigation it is of no value except for grazing purposes during a small portion of each year. The use of this water is necessary for such irrigation. Defendant never disputed the right of plaintiff "to use his half of said ditch and water-right as the same existed at the death of said Mary Sulloway, but did deny the plaintiff the right to erect a ditch across any part or portion of defendant's lands, or to make a ditch or part of a ditch where there was no ditch at the time of the death of said Mary Sulloway." Plaintiff, in October, 1904, did extend "said ditch" from its terminus across defendant's land to his northerly boundary line, and by means thereof conducted water to such land, and made a beneficial use thereof on such land. Defendant subsequently stopped

such use. In September, 1908, plaintiff repaired said ditch and extension and was attempting to make use thereof when defendant filled up a portion of such extension, and has ever since refused to allow plaintiff to obtain any use of the water or water ditch in the way proposed. The facts we have stated are alleged in plaintiff's complaint and established by the findings of the trial court.

By his complaint, plaintiff asked to be let into possession, use, and enjoyment of his moiety in said water-right and water ditch, and of the extension of said ditch across defendant's land to his land for the purpose of conducting his moiety of said water to his land, that the court decree a perpetual easement to exist upon defendant's land in favor of his land in said extension of said ditch and that defendant be restrained from interfering with the same.

The case came on for trial February 8, 1909, and plaintiff introduced the testimony upon which he relied, and rested. Defendant introduced no evidence, and the matter was continued to February 11, 1909, for argument. At the argument, defendant made the point that there was no evidence to show the amount of water owned or used by Mrs. Sulloway in her lifetime, or the capacity of her ditch, or the size or capacity of the proposed ditch which plaintiff claimed would be necessary to erect across defendant's land. Plaintiff asked the court to open the case and permit him to introduce testimony on these points, and, defendant objecting on the ground that the witnesses had been allowed to go, and that the proposed evidence would not be material under the pleadings, the court denied the application of plaintiff. The case was then submitted and on March 6, 1909, judgment was given in favor of defendant that plaintiff take nothing by his action.

This is an appeal by plaintiff from such judgment and from an order denying his motion for a new trial.

It is to be observed that what plaintiff sought by his complaint, so far as an extension of the old ditch was concerned, was an adjudication of his right to maintain and use a ditch which had been already constructed and maintained by him over defendant's land. It was the ditch already laid out and constructed by plaintiff over defendant's land as to which a decree was sought, in other words, the ditch already marked out and constructed by him on the lands of defendant. No

more definite description of the route of the ditch was essential in the complaint, under the circumstances. Defendant, by his answer, admitted the construction of this ditch by plaintiff, his own filling up of the same, the subsequent cleaning out of the ditch by plaintiff, and his own second filling up of the same. Defendant made no claim in the lower court, and makes no claim here, that the route actually selected for the ditch was not the most reasonable and practicable route that could have been selected, nor did he claim by his answer that, so far as size or capacity was concerned, there was anything unreasonable in the ditch as constructed by plaintiff. His claim was simply that the particular portion of the S. W. ¼ of section 7 given by the mother's will to plaintiff had never been irrigated by water from said ditch prior to the mother's death, and that therefore plaintiff had acquired no right to extend the ditch from its terminus over defendant's land, for the purpose of obtaining water for such irrigation.

It seems very clear, in view of the facts stated, that plaintiff was entitled to extend the water ditch from its terminus on defendant's land, over such land, to the northerly boundary of the land in section 7 that he had acquired under his mother's will, for the purpose of using on such land the moiety of the water to which he was entitled under the will. The will and the decree of distribution made thereon are, in view of the circumstances, susceptible of no other construction than that he was thereby granted such right. If this be so, it can make no difference that the land given him by the will had never been irrigated with water from this ditch in the lifetime of Mrs. Sulloway. If it was her intention, expressed in her will, that the plaintiff should have such right, he obtained it by the will regardless of the conditions existing prior to and at the time of Mrs. Sulloway's death. The will created the right in plaintiff for the benefit of the land in section 7 given him thereby, and made the land in the same section given thereby to defendant, the servient tenement for that purpose. The defendant taking such land under the same will, necessarily took it subject to this burden. As we have said, the intention of the will and decree of distribution are clear. By the will, Mrs. Sulloway divided her land in the S. E. ¼ of the S. W. ¼ of said section 7 between plaintiff and defendant, and also made them joint owners of her water-rights and of the water

ditch used by her to convey water to the lands so divided, which ditch terminated on the portion of the land given to defendant, with the request that they jointly use the same. A beneficial use on the part of plaintiff as to the land in section 7 given to him by the will was plainly intended. The undisputed facts establish that such use was impossible without an extension of the ditch to said land over defendant's land. Indeed, it is clear that plaintiff could have no beneficial use whatever of the ditch, either as to his portion of section 7, or any other land, unless permitted to extend it from where it ran on the land devised to defendant. It was essential to any beneficial use by plaintiff as to the land devised to him that he should have the right to extend the ditch to such land over defendant's land. It is declared by our law that "one who grants a thing is presumed to grant also whatever is essential to its use" (Civ. Code, sec. 3522), provided, of course, it is within the power of the grantor to do it, and there is absolutely nothing to indicate that such was not the intent of testatrix in the case at bar.

In view of what has been said there is much to be said in support of the claim that plaintiff was entitled to judgment upon the findings for the relief asked by his complaint. The fifth finding, which is apparently the one upon which the court based its judgment against plaintiff, is as follows: "That there was no evidence to show the amount of water owned by said Mary Sulloway in her lifetime, or used by her. That there was no evidence to show the capacity of the said ditch owned by said Mary Sulloway in her lifetime, and no evidence to show the size or capacity of the proposed ditch which plaintiff claimed would be necessary to erect across the lands of defendant." There was no allegation in the complaint as to any of these matters, and no issue tendered by defendant's answer in respect thereto. It was not necessary to show the amount of water owned or used by Mrs. Sulloway. Plaintiff was not seeking to have ascertained the specific amount to which he was entitled, but simply to have it adjudged, in accord with the will and decree, that he was entitled to the use and enjoyment of one half of whatever there was, and no issue was tendered by the answer which made it essential, for the purpose of giving him all the relief asked, that the amount of water should be shown. No claim is made that plaintiff is

not entitled to one half of the water. Nor was any question as to the capacity of the ditch owned by Mrs. Sulloway material to the controversy between these parties. Admittedly, plaintiff is the owner of one half thereof, whatever its capacity, and in view of the fact that no point was made by defendant, either by answer or on the trial, as to the reasonableness of the location of the extension ditch actually constructed by plaintiff, or of its size or capacity, and that plaintiff was simply seeking to be let into the possession, use, and enjoyment of the ditch as he had actually constructed it on the ground, there was no necessity for any evidence as to the exact location, size, or capacity of the extension ditch that had been constructed, unless, by reason of the filling in of the same by defendant, there was some question as to one or more of these matters. As to the location of such ditch there appears to be no question. If evidence was necessary to definitely settle any question of the size or capacity of such ditch, we are satisfied that it must be held that the trial court should have granted the request of plaintiff to be allowed to re-open his case and introduce such evidence. He might properly have been required, as a condition precedent to the granting of his application, to reimburse defendant for the expense of bringing back his witnesses, but the absolute denial of his application to be allowed to introduce evidence on the matters referred to, when he was so clearly entitled to prevail on the merits, and where the effect of a judgment against him would be to practically deprive him for all time of any use or enjoyment of the water-rights given him by the will, must be held to constitute prejudicial error.

We can see no necessity for a new trial of the issues made by the pleadings. The only questions as to which it may be necessary to receive any additional evidence are those of the location, size, and capacity of the extension ditch constructed by plaintiff on defendant's land. Upon the findings already made, plaintiff is entitled to maintain a ditch on defendant's land, located on the line of the constructed extension ditch and of the same size and capacity.

The order denying a new trial of the issues made by the pleadings is affirmed. The judgment is reversed, with directions to the trial court to receive such evidence as may be offered by the parties on the question of the exact location on

defendant's land of the extension ditch heretofore constructed by plaintiff, and the size and capacity of the same as so constructed; to find from such evidence the facts as to such location, size, and capacity, and to enter judgment in favor of plaintiff in accord with the prayer of his complaint, specifying in such judgment the exact location of the extension ditch therein referred to, and the size and capacity thereof.

Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.