[Civ. No. 898. First Appellate District.—February 9, 1912.]

## D. J. BRODERICK, Appellant, v. ROBERT COCHRAN and CHARLES BRADY, Copartners Doing Business Under the Firm Name of COCHRAN & BRADY, Respondents.

ORDER VACATING JUDGMENT BY DEFAULT—DEMURRER UNDER ORDER EXTENDING TIME TO ANSWER—GOOD FAITH—JUDGMENT WITHOUT NOTICE—PROPER DISCRETION.—Where, under an order extending time to answer, the attorney for the defendants filed a demurrer, and it is not disputed that he believed he had a right to file the same, and no objection was made by plaintiff when the demurrer was filed, but plaintiff's attorney without notice procured an order striking out the demurrer and a judgment by default, and the motion to vacate the judgment by default was promptly made, and it was manifest that the plaintiff had suffered no injury, it is held the court by its order vacating the judgment by default, and permitting the defendants to answer, exercised its discretion in accordance with the soundest principles of justice.

ID.—MISAPPREHENSION OF LAW—POWER OF COURT TO RELIEVE PARTIES FOR MISTAKES OF ATTORNEYS.—In believing that the attorney for the defendant might demur after having taken time by order of the court to answer only, it is conceded that he was acting under a misapprehension of law. But courts have power under the provisions of section 473 of the Code of Civil Procedure to relieve parties from mistakes as to the legal effect of acts of their attorneys.

ID.—AFFIDAVIT OF DEFENDANT SERVED WITH NOTICE OF MOTION.—An affidavit of one of the defendants served with the notice of the motion, though not embodied in the notice, sufficiently apprised the attorney for the plaintiff that such affidavit would be relied upon at the hearing of the proceeding, and it is held that this amounted to a substantial compliance with the provisions of section 1010 of the Code of Civil Procedure.

ID.—AFFIDAVIT OF ATTORNEY FOR DEFENDANTS—SUPPORT OF ORDER.—It is held that the affidavit of the attorney for defendants alone contains all essential facts necessary to sustain the order vacating the judgment by default.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment by default. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Edward J. Lynch, for Appellant.

C. D. Dorn, and Lewis F. Byington, for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from an order vacating a judgment taken by default.

The complaint in the case was filed February 28, 1910. March 1st following, the summons was served in the city and county of San Francisco, where the action was commenced. Thereafter the defendants were granted by the court up to and including the 21st of March within which to answer. On this date the defendants served and filed a demurrer to the complaint, and the same was placed on the law and motion calendar for hearing on March 25th, as required by the rules of court. This calendar was then continued by the court to April 1st. While the demurrer was on the court calendar on this date it was not on the official printed calendar; and the attorney for defendants, supposing therefore—so he alleges in an affidavit filed by him—that the demurrer would not be heard, failed to appear in court. Thereupon the attorney for the plaintiff moved the court to strike from the files the demurrer of the defendants, and to enter judgment against them by default, on the ground that the defendants' time to answer had expired without an answer having been filed by either of them, and that the demurrer had been filed after the time allowed by law therefor. This motion was granted. No notice of the motion was given, and the defendants knew nothing about the judgment of default against them until April 6th, on which day their counsel prepared, served and filed all the papers necessary to support a motion to vacate the judgment so entered, and noticed the same for hearing on the eighth day of April. The affidavit of counsel for defendants shows that he supposed the filing of the demurrer "to be a legal and proper answer to the said complaint"; that he "interpreted and understood the said order of the court to give the defendants ten days to plead after the tenth day of March, 1910, and he is now surprised to find the same interpreted to mean that he could only answer and could not demur to the complaint."

Upon the showing made the court ordered the judgment set aside upon the payment of costs.

In believing that he might demur after having taken time by order of the court to answer only, counsel for defendants, it is conceded by both sides, was acting under a misapprehension as to a proposition of law. Courts, however, under the provisions of section 473, Code of Civil Procedure, may relieve parties from mistakes as to the legal effect of acts of their attorneys. (*Douglass* v. *Todd,* 96 Cal. 655, [31 Am. St. Rep. 247, 31 Pac. 623] ; *Ward* v. *Clay,* 82 Cal. 502, [23 Pac. 50, 227] ; *Langford* v. *Langford,* 136 Cal. 507, [69 Pac. 235] ; *Gould* v. *Stafford,* 101 Cal. 32, [35 Pac. 429].) Here it is not disputed that defendants' attorney believed he had a right to interpose a demurrer to the complaint; no objection appears to have been made by the attorney for the plaintiff when a copy of the demurrer was served upon him, he gave the defendants no notice of a motion to strike the demurrer from the files, the motion to vacate the default was promptly made, and as it is manifest that the plaintiff suffered no injury in the premises it would seem that the court, in setting aside the judgment and permitting the defendants to answer, exercised its discretion in accordance with the soundest principles of justice. (*O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004] ; *Melde* v. *Reynolds,* 129 Cal. 308, [61 Pac. 932].)

The notice of motion to set aside the default does not state that the affidavit of Robert Cochran, one of the defendants, would be used on the hearing. It appears, however, that a copy of that affidavit was served on the attorney for the plaintiff along with the notice of motion. He was therefore apprised that this affidavit would be relied upon at the hearing of the proceeding, and we have no doubt that this amounted to a substantial compliance with the provisions of section 1010, Code of Civil Procedure. The affidavit of the attorney for the defendants alone contains all essential facts necessary to sustain the order of the court here questioned.

The order appealed from is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1912.