[Civ. No. 3240.   Third Appellate District.—April 15, 1927.]

## W. P. RUTLEDGE et al., Respondents, v. C. A. BARGER et al., Appellants.

[1] FORCIBLE ENTRY—DEMAND FOR SURRENDER—PLEADING—EVIDENCE. No notice or demand for a surrender of the premises is necessary in order to maintain an action of forcible entry, as defined by section 1159 of the Code of Civil Procedure; and where it is alleged in such action, and the uncontradicted testimony shows, that defendants broke the lock to the premises held by plaintiffs under lease in order to enter the building, this is sufficient to constitute forcible entry.

[2] ID.—BREACH OF LEASE—DEFAULT IN PAYMENTS — WAIVER. — Conceding that the lease under which plaintiffs held possession of

---

1. What is forcible entry, note, 18 **Am. Dec.** 139. See, also, 12 **Cal. Jur.** 607; 11 **R. C. L.** 1169.

the premises gave defendants (the owners) the right to take possession of the premises upon default, and plaintiffs failed to pay for water used by them, defendants waived such default where they demanded such payment and the ·same was made by plaintiffs· and accepted by defendants prior to defendants' entry of possession.

[3] ID.—COVENANT AGAINST ASSIGNMENT—BREACH—WAIVER.—Where the lease under which plaintiffs claimed the right of possession contained a covenant against assignment without the written consent of the lessors, and such written consent was not given to the assignment to plaintiffs, but defendants, with full knowledge of the transfer, accepted from plaintiffs payment of the rental due and payable under the lease, the necessity for a written consent to the transfer was waived.

[4] ID.—JOINT OWNERSHIP—FORCIBLE ENTRY BY HUSBAND—AGENCY—LIABILITY OF WIFE.—Where the property in question was owned by defendants, husband and wife, and the husband acted for both of them in all matters pertaining to the lease, and they answered jointly, the answer by the wife containing no denial by her of responsibility for the acts of the husband in forcibly taking possession, and the efforts of both defendants at the trial having been directed toward the justification of such acts, the court was justified in holding both defendants liable for the damage suffered by plaintiffs.

[5] ID.—REOPENING OF CASE—SUFFICIENCY OF SHOWING—DISCRETION OF TRIAL COURT.—The character of the showing made by plaintiffs in support of their motion to reopen the case was immaterial, in view of the fact that the motion was granted, and it was in the discretion of the trial court to reopen the case on its own motion.

(1) 26 C. J., p. 829, n. 84, p. 838, n. 51.   (2) 35 C. J., p. 1079, n. 66.   (3) 35 C. J., p. 983, n. 77.   (4) 30 C. J., p. 988, n. 28.   (5) 38 Cyc., p. 1360, n. 51.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

3. Acceptance of rent as waiver of breach of covenant against assignment, notes, 47 Am. St. Rep. 198; Ann. Cas. 1913A, 1202; 42 A. L. R. 1108. See, also, 15 Cal. Jur. 750, 787; 16 R. C. L. 838. Waiver of provision for consent to assignment of lease, note, 36 L. R. A. (N. S.) 488.

5. See 24 Cal. Jur. 769; 20 R. C. L. 1042.

P. J. Wilkie for Appellants.

Elliott, Atkinson & Sitton and W. A. Latta for Respondents.

FINCH, P. J.—This is an action of forcible entry upon real property consisting of a lot and a store building thereon. Judgment was entered in favor of plaintiffs for restoration of possession and for damages. The defendants have appealed from the judgment.

The evidence shows and the court found that in December, 1923, the defendants, as owners, leased the property to W. P. Rutledge and James Tully (plaintiffs herein) and William Fehr and C. C. Thomson, for a term of three years; that the lessees went into possession under the lease and conducted a grocery and general merchandise business in the building; that in December, 1925, Fehr and Thomson transferred their interest in the property and business to the plaintiffs; that the plaintiffs "ever since said transfer have held said premises and paid to the defendants, and said defendants with knowledge of said transfer accepted, all rentals due and payable under said lease; and said plaintiffs up to the 18th day of June, 1926, have held and occupied the said store and premises as tenants pursuant to the terms of said written lease; that on or about the 18th day of June, 1926, during the temporary absence of plaintiffs from said store building, the said defendants did wrongfully, unlawfully, forcibly, and without right and by force and violence break open the doors of said store building and tear off the lock on said doors and by forcible means and methods entered upon said real property then in the actual undisturbed and peaceable possession of plaintiffs, and did oust and eject plaintiffs from possession thereof"; that the "defendants removed from said store building all the goods, wares and merchandise therein contained belonging to plaintiffs and deposited them in the rear of the adjoining premises"; that by reason of the acts of defendants the plaintiffs have been damaged in the sum of $314.72.

Appellants contend that the court erred "in overruling defendants' demurrer to the complaint, . . . in denying defendants' motion for a nonsuit, . . . in reopening the case

on the unsupported motion of the plaintiffs, . . . in denying defendants' motion for a new trial.''

[1] In support of the first ground it is urged that the ''complaint attempts to set up a cause of action for forcible entry and unlawful detainer, under the provisions of subdivision 2 of section 1160 of the Code of Civil Procedure'' and that it does not allege that the plaintiffs demanded a surrender of the premises before the action was commenced. It is clear that the action is one of forcible entry, defined by section 1159 of the Code of Civil Procedure. No notice or demand was necessary. (11 R. C. L. 1169.) It is contended that there was no show of force, threat, or intimidation alleged. It is alleged and the uncontradicted testimony shows that the defendants broke the lock in order to enter the building. This was sufficient to constitute a forcible entry. (*California Products, Inc.,* v. *Mitchell,* 52 Cal. App. 312, 314 [198 Pac. 646].)

[2] Appellants contend that the plaintiffs were in default at the time of the forcible entry and that, therefore, the defendants, under the terms of the lease, had the right to take possession of the premises. Plaintiffs had paid all installments of rent as they became due, but they had failed to pay for water used by them. On the day of defendants' entry they demanded such payment and the plaintiffs paid the same. King testified that such payment was made and accepted prior to defendants' entry. By accepting the payment the defendants waived the default.

[3] The lease contained a covenant against assignment by the lessees without the written consent of the lessors. Such written consent was not given, but Mrs. Barger was employed by plaintiffs in their business and Mr. Barger was ''in and out'' of the store after Fehr and Thomson had transferred their interests to the plaintiffs. During all that time King was in charge of the store and each month he paid the rent to Mr. Barger, the checks given in payment thereof being signed by King. The evidence is sufficient to support the finding that ''said defendants, with knowledge of said transfer, accepted all rentals due and payable under said lease.'' They thus waived the necessity of a written consent to the transfer. (16 R. C. L. 838.)

[4] The evidence does not show that Mrs. Barger actively participated in the forcible entry. Appellants con-

tend that, therefore, the judgment against her is unauthorized. The defendants are husband and wife. The lease recites that the property in suit is "owned by said first parties." Mr. Barger acted for the lessors in all matters pertaining to the lease. The defendants answered jointly. The answer contains no denial by Mrs. Barger of responsibility for the acts of her husband, and the efforts of both defendants at the trial were directed toward the justification of such acts. It does not appear from the record that any contention was made at the trial that Mr. Barger was not acting for both defendants in forcibly taking possession of the premises, but the only inference to be drawn from the evidence is that he was so acting for both. Under such circumstances, the court was justified in holding both defendants liable for the damages suffered.

[5] It was not an abuse of discretion to reopen the case for the introduction of further evidence. It does not appear that the defendants were prejudiced thereby. The character of the showing made by the plaintiffs in support of their motion to reopen the case is immaterial, in view of the fact that the motion was granted, because it was in the discretion of the court to reopen the case on its own motion. (*Badover* v. *Guaranty Trust etc. Bank,* 186 Cal. 775, 777 [200 Pac. 638].)

Defendants moved for a new trial, but offered nothing in support thereof except the record of the trial. What has already been said, therefore, disposes of appellants' contention that it was error to deny a new trial.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.