[L. A. No. 9852. In Bank.—March 29, 1929.]

R. B. COLEMAN, Respondent, v. LYMAN FARWELL, Appellant.

Edward Winterer for Appellant.

Odell S. McConnell and Bordwell, Mathews & Wadsworth for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action on a promissory note in the principal sum of $5,000. The plaintiff was the payee and the defendant the maker. The defenses were fraud and

failure of consideration. The court found in favor of the plaintiff on all issues raised by the pleadings. The record is presented in a bill of exceptions which contains the following stipulation: "It is hereby stipulated and agreed by and between the attorneys of the respective parties to the within entitled action, that the foregoing bill of exceptions contains only part of the evidence offered by both plaintiff and defendant and was prepared and served within the time allowed by law and the stipulations of the plaintiff." In settling the bill the trial judge made the following order: "The foregoing bill of exceptions contains only a part of the evidence offered by both plaintiff and defendant; there was, however, and the court so certifies, sufficient evidence to sustain the findings of the court and said bill was prepared and served and presented within the time allowed by law and the stipulations of plaintiff and defendant, and the part of the record and proceedings of the said action which is included in said bill of exceptions is true and correct and said bill of exceptions as modified by the statement in this certificate is this 24th day of March, 1927, settled and allowed."

As grounds for reversal the defendant specifies numerous alleged erroneous rulings in the admission and rejection of evidence and error in denying his motion for a new trial. Some of the rulings, when considered in connection with the immediate context, would appear to be erroneous. It is considered unnecessary to enumerate them for the reason that error under our law is no longer deemed prejudicial. In order to justify the reversal of the judgment on the ground of erroneous admission or rejection of evidence, the reviewing court must be of the opinion, after an examination of the entire cause, including the evidence, that the error complained of has resulted in a miscarriage of justice. (Const., sec. 4½, art. VI.) The burden rests upon the party complaining not only to show error but also to show that the error is sufficiently prejudicial to justify a reversal. (2 Cal. Jur., p. 1008, and cases cited.) Confronted with the foregoing stipulation of counsel and the certificate of the trial judge reciting that the bill of exceptions contains only a part of the evidence offered by both the plaintiff and the defendant and since, therefore, the record does not contain all of the evidence, we are unable to fulfill the constitutional requirement and declare that the

errors complained of were prejudicial. (See *Foster* v. *Young*, 172 Cal. 317 [156 Pac. 476].) ▮ Every intendment is in favor of the findings, decision and judgment and in support thereof it will be presumed that the omitted evidence authorized the same unless there is something in the record to overcome the presumption. (*Owen* v. *Morton*, 24 Cal. 373; 2 Cal. Jur., p. 852 et seq.) For aught that appears in the record there may have been evidence of sufficient competency and weight to overcome any detriment caused by the erroneous rulings.

▮ The allowance of $1,250 as attorney's fees is complained of as excessive. In an ordinary suit of this character and amount the allowance would seem to be out of proportion to the services required. One of the necessary elements entering into the proper allowance of attorney's fees is the service performed in the particular case. Here again the record does not disclose the extent of the service required and performed by counsel for plaintiff in this case. It is a matter of common experience that cases involving issues of fraud may require extensive preparation for trial and a protracted hearing. In the absence of a record showing what services were required by plaintiff's counsel we cannot say that the allowance was unreasonable.

The judgment is affirmed.

Richards, J., Preston, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.