[Civ. No. 21386.   Second Dist., Div. One.   Jan. 12, 1956.]

JOSEPH J. BYRNES et al., Respondents, v.
OLEVIA D. JOHNSON, Appellant.

*Assigned by Chairman of Judicial Council.

Xenophon F. Lang for Appellant.

Lewis C. Teegarden and Slane, Mantalica & Davis for Respondents.

WHITE, P. J.—Defendant Olevia D. Johnson has appealed from an order denying her motion to vacate and set aside default, default judgment, and sale of property. Her motion was made upon the ground that the summons and complaint were never served upon her, and that she knew nothing of the action until on or about February 16, 1955. Notice of motion was filed March 30, 1955.

The record includes the affidavit of C. S. Peck, made November 4, 1953, and filed April 2, 1954, that she served the summons and complaint by personally delivering to and leaving a true copy thereof with "Olevia D. Johnson, 2123 E. 112th St., L. A. Calif. Nov. 4 1953."

Appellant's notice of motion was accompanied by her own affidavit that she was never served with summons or complaint; that her first knowledge of the action was on or about February 16, 1955, when she received a letter from Referee R. E. Allen; that she did not reside at or visit 2123 E. 112th Street from September 15, 1953, to January 16, 1954; that she has stated all the facts to her attorney and is advised that she has a good, substantial and meritorious defense to plaintiffs' demand, and that if a trial of the issues upon the merits were had a different result would be obtained.

Said notice of motion was further supported by affidavits of appellant's husband and stepdaughter that she was not at the place where allegedly she had been served on November 4, 1953, or at any time between September 15, 1953, and January 16, 1954. Her stepdaughter also averred that on November 4, 1953, she, the said stepdaughter, resided at 2123 East 112th Street, where she answered the doorbell and was handed some papers by an unidentified woman; that she thought the papers were of no importance; that she was at the time interested in a television program; that she threw the papers on the table in the living room; that she never saw them again; and that they may have been burned with the newspapers which were on the table. Also in the record is the affidavit of appellant's sister that appellant lived with her at 10822 Croessus Street from September 15, 1953, to January 16, 1954.

In opposition to appellant's motion, affidavits of respondents' attorney and Charlotte S. Peck, the process server, were filed. The affidavit of the attorney concerns a telephone conversation in July or August, 1954 with a man with a "Southern accent" who called him, said he was Tom Johnson, appellant's husband, and inquired of him "Who is this Mr. Byrnes who was going to sell his property." His affidavit contains no averment of service upon appellant and does not place her at 2123 East 112th Street on November 4, 1953. The affidavit of Charlotte S. Peck does not identify appellant as the person served by her; but is as follows: ". . . at said time and place the door was opened and there appeared in

the doorway a woman who, in the opinion of affiant, appeared to be past middle age,'' to whom the papers were handed by her.

No oral evidence was taken.

"The scope of appellate review in a case such as the one here under consideration is limited to a determination as to whether there was sufficient evidence, in the form of allegations in the supporting affidavits, to support the order made by the trial court. An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated. When the evidence is conflicting, it will be presumed that the court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of the evidence, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary.'' (*Murray* v. *Superior Court*, 44 Cal.2d 611, 619 [284 P.2d 1].)

If the return of service in the instant action had remained unchallenged and unqualified, respondents' reliance upon it as sufficient evidence to support the denial of appellant's motion might have been justified. However, that is not the state of the record on the instant appeal. Here, the affidavit of the process server in opposition to the motion is a qualification of her affidavit of service and an admission that she did not know the appellant; that she, at the time of the second affidavit, was not sure that she had made service upon appellant; and that she knew only that she had handed a copy of summons and complaint to a woman who ''appeared to be past middle age'' and opened the door at 2123 East 112th Street. There is conflict in the affidavits of the process server and appellant's stepdaughter as to the hour of the service and the words spoken by each during the service of the papers. However, appellant's stepdaughter avers positively that papers were handed to her and mislaid by her; and Mrs. Peck does not deny that appellant's stepdaughter was the person to whom she handed the copy of the summons and complaint.

It is not the return of service, but the fact of service of the summons and complaint, which gives the court jurisdiction of the person of the defendant.

The law favors a trial upon the merits. It insists that every person is entitled to his day in court. Such right can

only be obtained by service of summons upon the proper party. Here there is no identity of appellant as the person served. There is no direct averment that appellant was in fact the party served. Under such circumstances all reasonable doubts should be resolved in favor of the person who is seeking to have his or her day in court. The instant appeal presents a situation wherein the denial of appellant's motion to set aside the default, default judgment and sale of property amounted to an abuse of discretion.

The order is reversed with direction that appellant be permitted to file her answer and defend the action on its merits.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied January 30, 1956, and respondents' petition for a hearing by the Supreme Court was denied March 9, 1956. Traynor, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.