[Civ. No. 5911.   Fourth Dist.   Jan. 9, 1959.]

ALVAK ENTERPRISES (a Corporation), Respondent, v. PHILIP C. PHILLIPS et al., Appellants.

*Assigned by Chairman of Judicial Council.

Thompson & Colegate, Joseph Henry Wolf and F. Gillar Boyd, Jr., for Appellants.

Shaw & Barnett and William W. Shaw for Respondent.

72

COUGHLIN, J. pro tem.*—The plaintiff Alvak Enterprises, a California corporation, brought this action to enjoin the defendants Philip C. Phillips and Edith Phillips from interfearing with the operation of a hotel owned by the corporation. The defendants answered and eventually, as directors, filed a second amended cross-complaint seeking dissolution of the corporation; a Milton Niemetz joined with them as cross-complainants; the corporation and its president, Alfred Spivak, were named as cross-defendants. Thereupon, Mr. Spivak, as owner of 50 per cent of the shares of the corporation, by notice and motion, initiated proceedings under section 4658 of the Corporations Code to avoid dissolution of the corporation by the purchase of the remaining 50 per cent of said shares which he alleged were owned by the cross-complainants. His notice recited that the motion would be based on "all the papers, records and files in the action." Prior to this time motions with respect to a preliminary injunction and for the appointment of a receiver had been heard by the court. Voluminous affidavits had been filed in connection with these hearings. In addition, the original complaint, an answer thereto, the original cross-complaint, an amended cross-complaint and a second amended cross-complaint with an answer thereto, all verified, were on file in the action. There was a great deal of conflicting evidentiary matter thus presented to the court on the motion to stay proceedings and avoid a dissolution under section 4658 et seq. of the Corporations Code.

■ On appeal it will be presumed that the trial court accepted the evidence which will support its order. Reviewing the record pursuant to this rule, the following is a fair statement of the facts: In 1957, Mr. Spivak, who was president of the plaintiff corporation, which then was dormant, engaged in negotiations with Mr. Phillips culminating in an agreement resulting in the purchase of a hotel; the vesting of title thereto in the corporation which had been reactivated; a reorganization of the board of directors by the election of Mr. and Mrs. Phillips as directors; and the election of Mr. Phillips as secretary-treasurer. Pursuant to their agreement, Mr. Spivak and Mr. Phillips made the financial arrangements incident to the purchase of the hotel and, in return, each of them was to receive 50 shares of the capital stock of the corporation for a cash consideration of $400 per share or, in lieu of cash,

*Assigned by Chairman of Judicial Council.

the cancellation of promissory notes which the corporation had executed in their favor covering money advanced in connection with the purchase of the hotel. The board of directors adopted a resolution authorizing the president to make application to the Corporation Commissioner for a permit to issue such shares of stock to Mr. Spivak and Mr. Phillips upon the terms indicated, and instructing the president and secretary to issue such shares, for the consideration stated, upon the granting of such a permit. However, no permit had been obtained and no shares of stock had been issued up to November 8, 1957, when the motion to stay dissolution of the corporation and proceed under section 4658 of the Corporations Code was taken under submission. Thereafter, the Corporation Commissioner granted the requested permit and thereupon 50 shares of the corporation's capital stock were issued to Mr. Spivak, and 50 shares to Mr. Phillips; certificates of stock evidencing these shares were placed in escrow in accord with the terms of the permit.

On November 21, 1957, an affidavit setting forth a copy of the permit, and on November 25, 1957, a further affidavit relating the facts with respect to the issuance of shares of stock pursuant thereto were filed with the trial court. Copies of these affidavits were served upon the attorneys for the defendants and cross-complainants. On December 23, 1957, the court made its order granting the motion. In the meantime no objection to the filing or consideration of these affidavits, nor any reply thereto had been made. The order granting the motion recited that the "affidavit filed on November 25, 1957, is hereby incorporated within the papers and pleadings considered by the court. . . ." The court found that Mr. Spivak was the holder of 50 per cent of the shares of the corporation and that Mr. and Mrs. Phillips were the holders of the remaining 50 per cent; appointed a commissioner to appraise the fair value of the Phillips shares; and ordered Spivak to post a bond as required by law. A notice of appeal from this order was filed by the "defendants and cross-complainants."

Appellants contend that the provisions of section 4658 of the Corporations Code cannot be invoked if the subject corporation has no stock issued and outstanding; that at the time the motion was submitted the evidence did not establish the existence of any such stock; that the subsequently filed affidavits establishing the issuance of stock should not have been

74

considered by the court; and, consequently, the order should be reversed.

Respondents contend that the affidavits in question were properly considered; that, in any event, the evidence established that Mr. and Mrs. Phillips had subscribed to stock of the corporation; that section 4658 applies to subscribed stock, as well as to issued stock; and, therefore, the order should be affirmed.

■ Section 1010 of the Code of Civil Procedure provides that a notice of motion shall state "the grounds upon which it will be made, and the papers, if any, upon which it is to be based" and requires that a copy of any such paper shall accompany the notice, if not previously served on the party to be notified. The obvious purpose of the statute is to enable the party served with notice to prepare a defense to the proposed motion if he so desires (*Broderick* v. *Cochran,* 18 Cal. App. 202, 204 [122 P. 972]). ■ As a consequence, an affidavit filed with the court after submission, without notice to the opposing party, cannot be considered in support of the motion even though the court granted permission to file the same (*Forrest* v. *Knox,* 21 Cal.App. 363 [131 P. 894]).

■ Nevertheless, the rule prescribed by said section 1010, requiring the moving party, in his notice of motion, to designate the papers upon which he will rely, and to accompany such notice with copies thereof unless previously served on the opposing party, is not without exception. Affidavits filed after submission upon consent obtained at the hearing of the motion properly may be considered by the court (*Salsberry* v. *Julian,* 98 Cal.App. 638, 643 [277 P. 516]). ■ Under well-settled principles, a trial court may set aside an order of submission and permit the introduction of additional evidence relevant to a pending issue of fact (*Badover* v. *Guaranty Trust etc. Bank,* 186 Cal. 775, 777 [200 P. 638]; *Land* v. *Johnston,* 156 Cal. 253, 257 [104 P. 449]; *Broder* v. *Superior Court,* 103 Cal. 121 [37 P. 143]), either upon request or upon its own motion (*Rutledge* v. *Barger,* 82 Cal.App. 356, 360 [255 P. 537]; *Estate of Hunsicker,* 65 Cal.App. 114, 118 [223 P. 411]); and in some instances it is error to refuse to do so (*Sulloway* v. *Sulloway,* 160 Cal. 508, 514 [117 P. 522]; *Metropolis etc. Sav. Bank* v. *Monnier,* 169 Cal. 592, 599 [147 P. 265].) That the issue of fact to be decided arises out of the hearing of a motion, based on affidavits, rather than out of a trial, does not foreclose the application of the foregoing general principles. ■ However, when additional evidence is

to be produced by affidavits, orderly procedure dictates that the proper method for the presentation thereof is upon notice and motion requesting permission to file the same (*Hecq* v. *Conner*, 203 Cal. 504, 506 [265 P. 180].) If such affidavits are filed without permission they may be disregarded. (*State ex rel. King* v. *Second Judicial District Court*, 25 Mont. 202 [64 P. 352] ; *Jacoby* v. *Mitchell*, 19 Neb. 537 [26 N.W. 255].)

The procedure followed in the case at bar, of filing additional affidavits after service of copies thereof upon the opposing counsel, without obtaining prior permission to do so based on notice and motion, although irregular, was not prejudicial under the circumstances.

The sections of the Corporations Code providing for a stay of proceedings to dissolve a corporation and the purchase of the shares held by those seeking its dissolution are mandatory, and ''when the prescribed conditions are met the court must recognize the right thus clearly given and must stay the proceeding and proceed to ascertain and fix the value of the shares'' in question. (*Merlino* v. *Fresno Macaroni Mfg. Co.*, 64 Cal.App.2d 462, 464 [148 P.2d 884].) ''Under Section 4½, Article VI of the Constitution, the appellate courts cannot set aside a judgment rendered in the Superior Court for any error . . . in procedure, unless the court, upon examining the record, shall be of the opinion that the particular error complained of has resulted in a miscarriage of justice.'' (*Parker* v. *Swett*, 188 Cal. 474, 484 [205 P. 1065].)

''The burden rests upon the party complaining not only to show error but also to show that the error is sufficiently prejudicial to justify a reversal.'' (*Coleman* v. *Farwell*, 206 Cal. 740, 741 [276 P. 335].) Copies of the supplemental affidavits filed in this case admittedly were served upon appellants' attorneys ; they had notice of the contents thereof; the first supplemental affidavit was filed on November 21, 1957, and the second on November 25, 1957; the court did not render its decision until December 13, 1957, at which time it made its order that the affidavit of November 25, 1957, should be incorporated within the papers considered on the motion. In the meantime appellants took no countermeasures; no motion to strike or other objection was made, and no reply affidavits were filed. Appellants cannot dispute the fact that the corporation's board of directors adopted a resolution authorizing and directing Mr. Spivak, as its president, to apply for a permit to issue the shares of stock in question; Mr. and Mrs. Phillips, as directors, voted

for this resolution, which could not have been adopted without their approval; they consistently have contended in their pleadings in this case that Spivak was derelict in the discharge of his duty because he had not diligently prosecuted said application; the permit was granted after the motion under consideration had been submitted for decision; shortly thereafter, in accordance with a resolution previously adopted by the same board of directors, 50 shares of stock were issued to Mr. Spivak and 50 shares to Mr. Phillips. Appellants contend that they were deprived of the opportunity to present to the court "such points as" the permit was void, the stock had been improperly issued in the wrong amount or wrong number of shares, "and so on." This contention is purely academic. A further hearing would produce the same result. The only directors of the corporation were Mr. Spivak, Mr. Phillips and Mrs. Phillips; all of them wanted 50 shares of stock issued to Mr. Spivak and 50 shares to Mr. Phillips. No shares of stock were to be issued to Mr. Niemetz. Mrs. Phillips participated by virtue of her community property interest in the shares issued to Mr. Phillips. All of these facts appeared from the evidence before the court at the time the motion was submitted. The affidavits subsequently filed were proof only of events subsequently occurring, i. e., actual issuance of the stock, which the appellants wanted to take place. We find no miscarriage of justice in the procedure followed by the trial court.

The foregoing conclusion renders unnecessary a consideration of the other contentions made by appellants.

The order is affirmed.

Mussell, Acting P. J., and Shepard, J., concurred.

A petition for a rehearing was denied February 2, 1959, and the following opinion was then rendered:

THE COURT.—In their petition for a rehearing, appellants contend that the facts stated in our opinion are incorrect because "on an appeal from an order granting or denying a motion, which is decided on the basis of affidavits and where there are affidavits filed by both sides which strongly contradict each other, then it will be presumed that the trial court believed the facts to be as stated in the affidavits of the prevailing parties," citing *Cameron* v. *Cameron*, 110 Cal.App.2d 258, 261 [242 P.2d 408]; *Deyl* v. *Deyl*, 88 Cal.App.2d 536

[199 P.2d 424], and *Brock* v. *Fouchy*, 76 Cal.App.2d 363 [172 P.2d 945]. This is not a true statement of the rule.  On appeal from an order based on conflicting affidavits it will be presumed that the trial court found as true the facts most favorable to the prevailing party. (*Huskey* v. *Berini*, 135 Cal. App.2d 613, 619 [288 P.2d 43] ; *Maselli* v. *E. H. Appleby & Co., Inc.*, 117 Cal.App.2d 634, 638 [256 P.2d 618].)
 " 'An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated. When the evidence is conflicting, it will be presumed that the court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of evidence or the credibility of witnesses, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary.  In the consideration of an order made on affidavits involving the decision of a question of fact, the appellate court is bound by the same rule as where oral testimony is presented for review.' " (*Griffith Co.* v. *San Diego College For Women*, 45 Cal.2d 501, 507 [289 P.2d 476, 47 A.L.R.2d 1349] ; *Bailey* v. *County of Los Angeles*, 46 Cal.2d 132, 137 [293 P.2d 449] ; *Murray* v. *Superior Court*, 44 Cal.2d 611, 619 [284 P.2d 1] ; *Byrnes* v. *Johnson*, 138 Cal. App.2d 443, 446 [291 P.2d 1] ; *Russell* v. *Landau*, 127 Cal.App. 2d 682, 690, 695 [274 P.2d 681] ; *In re Jost*, 117 Cal.App.2d 379, 388 [256 P.2d 71].)
 As a consequence, when an issue is tried by affidavits and the evidence presented thereby is conflicting, on appeal from an order based thereon, those facts in support of that order will be accepted as true whether they are supplied by affidavits of the losing party or the prevailing party, or both.
 "The trier of fact may believe and accept a portion of the testimony of a witness, and disbelieve the remainder" (*People* v. *Whitehurst*, 112 Cal.App.2d 140, 144 [245 P.2d 509] ), even though the witness is a party. (*Goes* v. *Perry*, 18 Cal.2d 373, 378 [115 P.2d 441] ; *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 692 [252 P.2d 649].)

Some of the facts related in our opinion are based on affidavits presented by appellants in connection with prior motions resulting in orders favorable to them. Respondent made these affidavits a part of his motion to stay proceedings.
 A rule which would require a court to reject the testi-

mony presented by affidavits upon which it based a former order, in arriving at a later decision based on the same affidavits, would be unreasonable and illogical.

Appellants' petition for a hearing by the Supreme Court was denied March 4, 1959.