[Civ. No. 3738. Third Appellate District.—September 10, 1930.]

A. R. ARCHIBALD et al., Respondents, v. WESTERN MINES CONSOLIDATED, INC., Appellant.

E. H. Armstrong and Duke Stone for Appellant.

W. E. Wright for Respondents.

MR. JUSTICE THOMPSON (R. L.), DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment of foreclosure of a mortgage. The appeal is based upon the alleged insufficiency of the evidence to support the findings and judgment. The record is presented upon a bill of exceptions which does not contain all of the material evidence.

September 27, 1926, the appellant, Western Mines Consolidated, Inc., a corporation, executed and delivered to the Banner Consolidated Mines, Inc., its promissory note for the sum of fifty-five thousand dollars, together with a mortgage upon certain real property to secure payment of the same. The mortgage provided that upon default in any installment of the note the entire sum should become due at the option of the holder thereof. The mortgage was duly recorded. The first installment originally became due March 1, 1927. No part of the principal or interest was paid. October 1, 1927, the note and mortgage were assigned to plaintiffs. Suit for foreclosure of the mortgage was commenced November 1, 1927. The complaint alleged the execution, delivery and assignment of the note and mortgage together with the ownership thereof by plaintiffs and the nonpayment of both principal and interest. The answer controverted the essential averments of the complaint, but

admitted the execution and delivery of the note and mortgage alleging that the note was fully paid and that the assignment was without consideration. The court found that all of the allegations of the complaint were true.

This appeal was taken pursuant to the provisions of section 650 of the Code of Civil Procedure. The record was brought to this court by means of a bill of exceptions. Only a part of the testimony which was adduced at the trial is incorporated in the bill of exceptions. The trial judge settled and certified to the bill of exceptions in the following language: "The foregoing bill of exceptions does not embrace all the evidence taken . . . at the trial of said action, nor . . . all the evidence upon the matters referred to in the specifications of insufficiency of the evidence. . . ."

 It appears from the incomplete record of the trial that as a defense the appellant relied upon the evidence of the execution and delivery of another note by the defendant corporation, which, it is contended, constituted payment in full of the note which is secured by the mortgage involved in this action. This second note was offered and received in evidence. Mr. Lemon, to whom the assignment of the original note was made before it was transferred to the plaintiffs, testified that the second note was accepted as a mere extension for sixty days of the time of payment of the first installment of the note; that the second note was not executed or accepted as payment of the original note. The second note was accompanied by a letter of explanation to this effect. Both the letter and note were offered in evidence, but neither appears in the record on appeal and we are, therefore, unable to ascertain the language or exact provisions thereof. It does, however, appear that no part of the debt was paid and that the mortgage was not satisfied. Assuming that the new note was executed as a renewal of the original note, it will not be deemed to have been in payment thereof for it is still mere evidence of the original indebtedness for which the mortgage was given as security. In the case of *Germany* v. *Lawton,* 124 Ga. 876 [110 Am. St. Rep. 207, 53 S. E. 669], it is said:

"Where a mortgage was given to secure a note, and it was provided in the instrument that the payee of the note had agreed to renew it from time to time, it was admissible

to show that a note bearing a later date was a renewal of that first given.''

Since it affirmatively appears from the certificate to the bill of exceptions that it does not contain all of the material evidence, this court must assume that the findings and judgment are adequately supported in every necessary respect. (*Coleman* v. *Farwell,* 206 Cal. 740 [276 Pac. 335]; *Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476].) For the purposes of this appeal this court must assume that the record sufficiently shows that for a valuable consideration the plaintiffs became the owners of the original note which is secured by the mortgage; that this note was due and unpaid and still owned by the plaintiffs at the time of the trial; that if it was then in the actual possession of the appellant, it was wrongfully so held and that the second note was a mere extension of the time of payment of the original note which actually represented the indebtedness secured by the mortgage.

The judgment is affirmed.