[Civ. No. 2417.   Second Appellate District, Division One.—November 15, 1919.]

## I. W. WILLIAMS COMPANY, Respondent, v. LEONG SUE AH QUIN et al., Defendants; GEORGE AH QUIN et al., Appellants.

[1] CORPORATIONS—LEGALITY OF FORMATION—EFFECT OF FAILURE TO ISSUE STOCK CERTIFICATES.—Where persons desiring to organize a corporation execute articles of incorporation in proper form and file the same with the county clerk and with the Secretary of State, and, upon the issuance of the certificate by the Secretary of State, meet and elect themselves a board of directors and proceed to organize and do business, a corporation is regularly and legally formed, notwithstanding certificates of stock are not issued and no officers or directors are ever elected by stock representation.

[2] ID.—CONTENTS OF ARTICLES—NOTICE.—Persons dealing with corporations are bound to take notice of the contents of the articles of incorporation which are regularly filed.

[3] ID. — UNSATISFIED JUDGMENT AGAINST CORPORATION — SEVERAL LIABILITY OF INCORPORATIONS.—The mere fact that after obtaining judgment against the corporation the plaintiff, who had sold goods to the corporation, failed to discover assets sufficient to satisfy its claim, is not sufficient reason why a personal and several liability for the full amount of the debt should be enforced against the individual incorporators.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.   Reversed.

The facts are stated in the opinion of the court.

J. S. Cullen and E. L. Johnson for Appellants.

Joseph S. Campbell for Respondent.

JAMES, J.—Three of the defendants in the above-entitled action have appealed from a judgment entered against them. There was a motion for a new trial and formal notice of

1.   At what stage in proceedings corporation is deemed to be organized, note, 18 L. R. A. (N. S.) 748.

3.   Personal liability of stockholders for corporate obligations under statute, note, 2 Ann. Cas. 30.

appeal from the order denying said motion. Under the present practice, no separate appeal is allowed to be taken from an order refusing a new trial, although the questions settled on such a motion in the trial court are reviewable on the appeal from the judgment. The separate appeal taken from the order is therefore dismissed.

This action was brought against the defendants to recover from them severally an amount of money alleged to be due on account of merchandise sold. In the complaint it is set forth that in January, 1915, the individual defendants "pretended to organize a corporation"; that articles of incorporation were filed with the Secretary of State and with the county clerk, but that nothing further was done toward completion of said corporation, and that no stock was issued to the incorporators or anyone else; that no officers or directors were ever elected; that no meetings were held by the defendants who pretended to organize the corporation; that the pretended corporation "never had any capital whatever" and no existence in fact. The complaint proceeds to narrate that the defendants claimed to have organized a corporation and operated under such pretension, and that they represented to plaintiff that they were such corporation; that the plaintiff sold goods to the pretended corporation amounting in value to several hundred dollars. Further allegations followed to the effect that the corporation was pretended to be organized fraudulently by the defendants for the purpose of avoiding personal liability. The court made findings negativing the allegation that any fraudulent intent existed on the part of the incorporators of the corporation. The court found further that before the commencement of this action plaintiff had brought an action against the corporation, secured judgment and had execution issued thereon, which was returned unsatisfied "for want of corporate assets." The holding of the court was, however, that the corporation had not been legally formed and that by reason of that fact alone the individual incorporators incurred the personal liability which plaintiff sought to enforce against them. As to the manner of the organization of the corporation, the particular finding was as follows: "That the defendants George Ah Quin, Tom Ah Quin, Chan Hong, Reuben Summers, and Robert Wurgraft, on or about the fifteenth day of January, 1915, undertook

to organize a corporation under the name of the George Ah Quin Co., and that they executed articles of incorporation and filed the same with the Secretary of State of California and with the county clerk of San Diego County. That a certificate of incorporation thereon was issued by the Secretary of State and said incorporators thereupon met and elected themselves a board of directors and proceeded to organize and do business as such corporation. That no capital stock was ever issued to any of the said defendants and that no capital stock was ever issued to anyone. That no officers or directors were ever elected for said corporation by stock representation. That nothing further than to execute and file articles of incorporation with the Secretary of State and the clerk of the county court was ever done to complete the organization of the said George Ah Quin Co., by any persons holding stock therein.''

[1] We think, from the facts as determined by the court in the finding quoted, it must be concluded that the corporation was regularly and legally formed. The mere fact that certificates of stock were not issued does not detract from this conclusion, for the incorporators became stockholders and were entitled to have issued to them the certificates for the number of shares which they had subscribed for. It may be added that a copy of the articles of incorporation was received in evidence, and these articles showed that each of the five incorporators subscribed for one share of stock each of the par value of ten dollars. The directors selected for the first year were named, and it seems that all things were done that are required to be done under section 290 of the Civil Code, which prescribes what shall be shown by the articles of incorporation. [2] Persons dealing with the corporation were bound to take notice of the contents of the articles which were regularly filed. (*Perkins* v. *Fish,* 121 Cal. 317, at p. 325, [53 Pac. 901].) As has been shown, the court found that the organization of the corporation was not conceived in fraud. The facts concerning the organization of the alleged corporation were fully disclosed to the plaintiff by the records and documents on file. [3] The mere fact that after obtaining judgment against the corporation, as it was found by the court, the plaintiff failed to discover assets sufficient to satisfy its claim, is not sufficient reason why a personal and several

liability for the full amount of the debt should be enforced against the individual incorporators. We think that the judgment is not sustained by the findings.

The judgment appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.