[Civ. No. 16503. First Dist., Div. Two. Sept. 26, 1955.]

ROY HUSKEY, Plaintiff, v. WILLIAM BERINI et al., Defendants; DELANY, FISHGOLD, FREITAS & ROWE, Appellants; MOLLY H. MINUDRI, Respondent.

Delany, Fishgold, Freitas & Rowe, in pro. per., and Everett P. Rowe for Appellants.

Molly H. Minudri, in pro. per., for Respondent.

KAUFMAN, J.—This is an appeal from an order of the Superior Court in and for the City and County of San Francisco, decreeing that ''Molly H. Minudri, attorney for

plaintiff in the above entitled action, is entitled to receive the sum of Six Thousand Seven Hundred Eight Dollars and 83/100 ($6,708.83) from the sum of Fifteen Thousand Six Hundred Eight Five and 12/100 Dollars ($15,685.12) deposited in court on the 11th day of June, 1954, by defendants in said action.''

On March 24, 1953, a contract was entered into between the law firm of Delany, Werchick, Fishgold & Minudri and Roy Huskey under the terms of which said law firm agreed to represent Huskey in a personal injury action in return for 40 per cent of any sums recovered by judgment or compromise. At the time suit was filed, the firm of Delany, Fishgold & Minudri was named as attorney of record. Later, Mrs. Molly Minudri left the firm. An agreement was made with her that she would prosecute the action and ''retain'' two-thirds of the fee, while her former partners were ''to receive'' one-third. The firm's contract with the client for the fee was to remain in force. Mrs. Minudri was to procure the consent of the client, which she did. Mrs. Minudri and Manuel Furtado were thereafter associated as attorneys of record.

Judgment was entered in favor of plaintiff, Roy Huskey, in the sum of $15,000. Because of dissension between plaintiff's attorneys in the matter of the amount and receipt of their fees, defendants petitioned the superior court for an order to deposit in court the amount of the judgment plus costs and interest. The superior court made such order, and further requested defendants to give notice of said order to Delany, Fishgold & Minudri and to Mrs. Minudri and Mr. Furtado. Defendants gave the required notice to all attorneys of record. On June 11, 1954, Mr. Fishgold filed an affidavit for release of 40 per cent of the funds, the sum of $6,708.83 for Delany, Fishgold & Minudri. Mrs. Minudri filed an affidavit asking that said sum be released to her. She set forth the letter of agreement signed by Mr. Delany, showing that she was to retain two-thirds of the fee and that the other attorneys were to receive one-third, and averred further that setoffs existed against such one-third share in a sum between $4,500 and $6,500. On June 11, 1954, $8,976.29 was ordered released to Roy Huskey. On June 14, 1954, after a hearing, the court ordered the sum of $6,708.83 released to Molly Minudri. It is from this order that the present appeal is taken.

On August 7, 1954, this court denied a motion to dismiss

the appeal filed by respondent on the ground that appellants, the firm of Delany, Fishgold, Freitas & Rowe, were not parties to the action in which the appeal is taken, and hence had no right of appeal. Because no satisfactory authorities were cited, this court decided to deny the motion in order to allow the parties to argue fully on the merits ( [*Huskey* v. *Berini*] 127 Cal.App.2d 275 [273 P.2d 568].)

Defendants in the main action had filed notice of appeal on May 21, 1954. Judgment was satisfied on June 11, 1954, but the abandonment of appeal was not filed by defendants until July 12, 1954.

Appellants in their opening brief set forth but one contention—that the order of the superior court made on June 14, 1954, directing the payment of $6,708.83, to Molly Minudri is void for the reason that said court had no jurisdiction to make such order. They call attention to the fact that notice of appeal from the judgment had been filed by defendants on May 21, 1954, and although the judgment had been satisfied by defendants on June 11, 1954, notice of abandonment of the appeal was not filed until July 12, 1954. ██ Appellants maintain that a notice of appeal transfers jurisdiction from the superior court to the appellate court, and such loss of jurisdiction is so complete that even the consent of the parties is ineffective to reinvest the superior court with jurisdiction over the subject matter of the appeal. (*Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321].) This general statement of the law is certainly correct. However, if as contended by respondent, the appeal was in fact abandoned on June 11, 1954, when the judgment was satisfied, or if the superior court, despite the appeal from the judgment, had authority to distribute the proceeds of the judgment to plaintiff and his attorneys then appellants' position is not sound.

Appellants contend that the jurisdiction could not have been restored to the trial court, until the date of the filing of the notice of abandonment of the appeal, inasmuch as rule 19 of the Rules on Appeal provide that the filing of either a written abandonment or a stipulation for abandonment operates to dismiss the appeal and restore jurisdiction to the superior court. However, the right to appeal may also be lost when an appellant satisfies a judgment pending appeal, and such payment is made by way of compromise or with an agreement not to prosecute the appeal. (*Reitano* v. *Yankwich,* 38 Cal.2d 1 [237 P.2d 6] ; *Estate of Merrill,* 29

Cal.2d 520, 524 [175 P.2d 819]; *Metcalf* v. *Drew,* 75 Cal. App.2d 711 [171 P.2d 488].)

Respondent maintains that the satisfaction of the judgment on June 11, 1954, foreclosed the right of appellants to have that judgment reviewed on appeal, stating that the petition of defendants Berini and Macchello indicates a desire to put an end to the litigation by payment of the judgment, costs and interest, and requesting the entry of satisfaction or judgment. A reading of the petition discloses nothing more, however, than a desire to voluntarily pay the judgment to plaintiff, and a request to pay it into court because the dispute between plaintiff's attorneys as to fees, of which defendants had notice, made it impossible for them to pay the judgment to plaintiff and adequately protect themselves from future litigation. If this language could be said to give rise to an inference that defendant was making a final settlement of the judgment with intent to abandon the appeal, respondent's position would be correct.

■ The case of *Reitano* v. *Yankwich, supra,* makes it very clear that a voluntary satisfaction of judgment will not be considered an abandonment of the appeal by appellant unless it is shown to have been by way of compromise or pursuant to an agreement not to prosecute the appeal. It is true, of course, in this case, that it is not the appellants who are insisting on their right to appeal. They have clearly abandoned that appeal by the notice of July 12, 1954. But if the trial court's jurisdiction was suspended in regard to the matter with which the present order appealed from is concerned then appellants herein are correct in asserting that such order is void.

■ It is the general rule that a perfected appeal divests the trial court of further jurisdiction as to all questions, affecting the validity of the judgment or order appealed from, and the trial court during that period has no power to amend or correct the judgment. (*Linstead* v. *Superior Court,* 17 Cal.App.2d 9, 12 [61 P.2d 355].) "But the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from." (Code Civ. Proc.,§ 946.) Ancillary or collateral matters in connection with the appeal are not affected by the appeal. (*Hennessy* v. *Superior Court,* 194 Cal. 368, 371 [228 P. 862].)

■ "The fact that an appeal from a judgment is pending does not prevent the judgment debtor from paying the judgment, . . . and if he so elects he may require satisfaction

to be entered." (15 Cal.Jur. 271, § 266.) The fact that defendant has taken an appeal is not considered to be grounds for objecting to the entry of satisfaction of judgment pending appeal. (*Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8 [124 P. 536, Ann.Cas. 1913E 840]; 34 C.J. 725, § 1116.)

 Therefore, matters concerned with the satisfaction of judgment would appear not to be matters as to which the trial court's power is suspended pending appeal. This disposes of the only argument for reversal made in appellants' opening brief. They do contend, however, in their closing brief, that there was no evidence upon which the order herein could be made. They admit that the court did have before it a copy of the contract entered into by plaintiff with the law firm of Delany, Werchick, Fishgold & Minudri, under which that firm was to receive 40 per cent of the amount recovered. That contract was attached to Matthew M. Fishgold's affidavit asking that the court make an order disbursing to affiant 40 per cent of the sum to be deposited in court by defendants, for Delany, Fishgold & Minudri. The affidavit of Molly Minudri sets forth that the partnership of Delany, Werchick, Fishgold & Minudri was dissolved on April 1, 1952, and the partnership of Delany, Fishgold & Minudri established; that on July 31, 1953, the partnership of Delany, Fishgold & Minudri was dissolved. The affidavit further states that Molly Minudri prosecuted this action to judgment in accordance with the terms of a letter dated August 13, 1953, addressed to her and signed by Elmer P. Delany, which letter is incorporated therein by reference. The copy of that letter is as follows:

"I hand you the file above entitled [*Huskey* v. *Berini, supra,* dba Milo's bar] pursuant to our understanding with regard to the transfer of this file to your office for trial or settlement. You are to at once reimburse us for the total amount of the costs expended, $80.95, and to pay all future necessary costs from your own funds without any liability upon our part. You have agreed to prosecute this case diligently to a final determination and have agreed that in the event it is settled or a recovery is made by judgment or proceedings supplementary thereto, you are to retain two-thirds of the fee, and we are to receive one-third.

"It is further understood that the attorneys in this case shall appear as Delany, Fishgold & Minudri and that the existing contract shall continue constituting the arrangement with the client for fee. You also agree to get the consent of

the client for the actual handling of this case by your office from this date on. We would like to have a copy of this consent for our file.''

The affidavit of Molly Minudri stated further that she had paid all costs in this matter; that the law firm of Delany, Fishgold & Minudri was entitled to reimbursement by affiant pursuant to the partnership agreement, and other agreements made between the parties, and subject to the right of setoff as to sums owing to affiant which she believed to be between $4,500 and $6,500; that she had made numerous requests for a partnership accounting but that none had been given to her. She requested that $8,976.29 be disbursed to plaintiff, Roy Huskey, and $6,708.83 be disbursed to her.

The letter signed by Mr. Delany is certainly evidence that although the firm of Delany, Fishgold & Minudri was to appear as attorneys of record in the case, and the same contract in regard to fees was to continue in force, the duty as well as the expense of prosecuting the case to judgment was to be taken over by Mrs. Minudri. It also seems clear from the language used—''you are to *retain* two-thirds of the fee, and we are to receive one-third''—that the matter of collecting the 40 per cent was also placed in her hands. She was to collect the fee and ''retain'' two-thirds. The firm was to ''receive'' one-third thereof from her. The trial court could certainly infer from this language that the collection of the fee had been delegated to Mrs. Minudri. That is all the evidence that is necessary to support the order transferring 40 per cent of the funds deposited to her. If Mrs. Minudri does not turn over one-third of the fee to the firm, and if her claim that the partnership is indebted to her in an amount greater than this portion of the fee is unfounded, appellants Delany and Fishgold are not precluded by the order herein from taking appropriate action. The trial court did not in fact decide, as appellants say, that Molly Minudri had the right to retain the entire fee. The court merely decided that she was ''entitled to receive'' the sum of $6,708.83 from the sum deposited in court. It is well settled that on an appeal from an order based on conflicting affidavits, ''It must be presumed that the court found the facts most favorable to the prevailing party. Not only must all conflicts in the affidavits be resolved in favor of the lower court's order, but where there is room for conflicting inferences, the inferences most favorable to the order must be

drawn." (*Schreiber* v. *Hooker*, 114 Cal.App.2d 634, 640 [251 P.2d 55].)

Respondent contends that appellants Delany, Fishgold, Freitas & Rowe, are strangers to the record and have no right to appeal. It is certainly clear that Freitas and Rowe are not shown to have any interest in this case. There is no evidence in the record that the partnership as now constituted was assigned any claims belonging to Delany, Fishgold & Minudri. The clerk's certificate on the motion to dismiss appeal, which has been incorporated as part of this record, shows that the attorneys of record for plaintiff are Delany, Fishgold & Minudri, and that Minudri and Furtado had been associated by consent on September 2, 1953. The notice and request for clerk's transcript filed in that proceeding states that the lien claimants, Delany, Fishgold & Minudri filed notice of appeal from the order of June 14, 1954. The letter of agreement between Delany and Minudri recited that the attorneys in the case were to appear as Delany, Fishgold & Minudri. The affidavit of Fishgold asks disbursement to him of 40 per cent of the funds deposited by defendants for Delany, Fishgold & Minudri in accordance with the contract of March 9, 1952.

By virtue of the contract between plaintiff in the main action and Attorneys Delany, Werchick, Fishgold and Minudri, these attorneys had an interest in the judgment recovered equivalent to 40 per cent of the proceeds. ▇ The contract herein could have been interpreted as creating an equitable lien in favor of those attorneys, for it is apparent that they were to look to the judgment as security for their fee. (*Wagner* v. *Sariotti*, 56 Cal.App.2d 693 [133 P.2d 430].) By the letter agreement of August 13, 1954, Molly Minudri was authorized to collect this fee. Werchick, who had been a member of the law firm at the time the contract was made with plaintiff, but not at the later date when the agreement was entered into with Molly Minudri for the handling of this case, filed an affidavit consenting to the disbursement of the funds to her, hence he is not here involved. The interest of Delany and Fishgold, attorneys of record in the case, and parties to the contract for fees, is apparent. While they clearly have a right to appeal from this order inasmuch as they are parties aggrieved, nevertheless, the decision of the trial court appears to have been correct on the merits. Molly Minudri was clearly authorized to make the collection of the entire fee. Undoubtedly, if her claims to setoffs against the one-third due

to Delany and Fishgold are unfounded, they are well able to take the necessary steps to enforce payment.

In view of the foregoing we are satisfied that the order appealed from finds support in the record before us and accordingly the order should be affirmed.

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.