[Civ. No. 25838.   Second Dist., Div. One.   Aug. 6, 1962.]

ALEX BRODSKY, Plaintiff and Appellant, v. SEABOARD REALTY COMPANY et al., Defendants and Respondents.

Burton S. Rosky for Plaintiff and Appellant.

Robert S. Butts and Max E. Gilmore for Defendants and Respondents.

FOURT, J.—Appellant indicates that the sole question to be determined on this appeal is ''whether or not a shareholder who has made an election to purchase the shares of a dissenting shareholder, pursuant to the provisions of the Corporations Code sections 4658 and 4659,[1] after the dissenting share-

[1] Corporations Code sections 4658 and 4659 provide as follows:

''§ 4658. [Purchase of plaintiffs' shares; valuation.] In any such suit the holders of 50 percent or more of the outstanding shares of the corporation may avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value.

''If the holders of 50 percent or more of the outstanding shares of the corporation (a) elect to purchase the shares owned by the plaintiffs, and (b) are unable to agree with the plaintiffs upon the fair cash value of such shares, and (c) give bond with sufficient security to protect the interests and rights of the plaintiffs and to assure to the plaintiffs the payment of the value of their shares, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares owned by the plaintiffs.''

''§ 4659. [Appraisal of value of shares; confirmation of award; decree; appeal; payment; transfer of purchased shares.] The court shall appoint three distinterested commissioners to appraise the fair value of the shares owned by the plaintiffs, and shall make an order referring the matter to the commissioners so appointed for the purpose of ascertaining such value. The order shall prescribe the time and manner of producing evidence, if evidence is required.

''The award of the commissioners or of a majority of them, when confirmed by the court, shall be final and conclusive upon all parties, and the court shall enter a decree for the amount of the award against the shareholders electing to purchase and the surety or sureties on the bond. The decree may be enforced in the same manner as other decrees and judgments of the superior court. The decree may be in the alternative, and provide for winding up and dissolution of the corporation

holder has filed for an involuntary dissolution of the corporation, can at a later date rescind the election and return to the original action of involuntary dissolution or whether such an election is considered to be binding on the electing shareholder.''

The chronology of events is as follows:

On February 1, 1960, plaintiff filed a complaint for the dissolution of the defendant corporation. It was alleged therein *that the corporation had authorized the issuance of stock to plaintiff and to Joseph Kreutzer* (hereinafter referred to as Kreutzer) *in the amount of 500 shares each in exchange for certain joint venture assets but that the stock was never issued; that had the stock been issued, plaintiff would be a 50 per cent shareholder.* It was alleged that Kreutzer had been in full control of all of the affairs of the corporation since May 1959 and that he has, ''acting through the corporation and joint efforts of others in his employment and under his control, caused the assets of the corporation to be dissipated, lost, alienated, misapplied and wasted.''

On February 20, 1960, an order to show cause *re* appointment of a receiver was filed. Plaintiff's affidavit, filed the same day, in addition to repeating the substance of the allegations set forth in his complaint, alleged that''KREUTZER is dissipating the assets of the corporation by drawing excessive salaries, using corporate funds to pay for personal expenses and selling corporate assets at less than fair market value to members of his family, all of which is depriving deponent of his legal interest in the corporation, its assets and profits.''

Kreutzer filed his declaration in opposition to the appointment of a receiver on February 10, 1960. Therein he declared that he is the president of defendant corporation; that said corporation was formed in February 1959 for the purpose of purchase and resale of land; that *he and plaintiff both agreed to have equal interests in the corporation; that the corporate minutes call for issuance of 1,000 shares of stock, 500 to declarant and 500 to plaintiff and that these shares were never*

unless payment is made for the shares within the time specified by the decree. Any shareholder aggrieved by the action of the court may appeal therefrom.

''The holders of 50 percent or more of shares electing to purchase shall pay to plaintiff shareholders the value of their shares ascertained and decreed pursuant to this section or, in case of an appeal, as fixed on appeal. On receiving such payment or the tender thereof, the plaintiff shareholders shall transfer their shares to the shareholders electing to purchase.''

*issued*; that during the spring of 1959 there was dissension between declarant and plaintiff and that in May 1959 plaintiff resigned as vice-president and director of the corporation and completely disassociated himself except as owner of the 50 per cent interest in the corporation; that in order to meet various obligations declarant was compelled to sell trust deeds which the corporation possessed; that the various sales of trust deeds "were necessitated by the corporation's obligations and my own personal obligations under the Union Bank notes, which I had obtained on my own personal guaranty for the use of the corporation"; and that declarant had not dissipated any of the corporate assets.

A minute order dated February 10, 1960, sets forth that "R E Allen appointed receiver. Bond $5,000.00."

On February 17, 1960, defendant corporation filed a notice of motion "for an Order staying the proceedings herein and voiding or terminating the Receivership herein and for a further order appointing commissioners to appraise the fair cash value of the plaintiff's shares or interest in the said corporation, all pursuant to Section[s] 4658 and 4659 of the Corporations Code. . . . *Said Motion will be made upon the grounds that KREUTZER, who is the owner of 50% or more of the shares or interest in the said corporation has offered and elected to purchase the shares or interest of the plaintiff . . . at their fair cash value*; that said . . . KREUTZER has been unable to agree with the plaintiff . . . upon the fair cash value of said shares or interest in the corporation and furthermore, that said . . . KREUTZER is ready, willing and able to comply with all of the provisions of Section[s] 4658 and 4659 of the Corporations Code." (Italics added.)

In his affidavit filed February 17, 1960, Kreutzer states among other things that he "is forwarding a registered letter . . . to the plaintiff[2] . . . electing to purchase the plaintiff's share, pursuant to Sections 4658 and 4659 of the Corporations

---

[2]The letter dated February 15, 1960, provides in part as follows:

"This is to notify you that on behalf of Joseph W. Kreutzer, the holder of 50% or more of the outstanding shares of Seaboard Realty Co., we hereby, pursuant to Sections 4658 and 4659 of the Corporations Code . . . offer and elect to purchase the shares or interest in the corporation owned by the plaintiff, Alex Brodsky at its fair cash value, as shall be determined by the Court or by the Commissioner, pursuant to the above referred to Sections

"This offer and election is being made in view of the impasse reached between the plaintiff and Joseph W. Kreutzer, with respect to the corporation, and in view of the fact that the plaintiff and Joseph W. Kreutzer have been unable to agree with each other upon the fair cash value

Code and thereby further evinces his intent to elect to purchase. *Your deponent is the holder of 50% or more of the outstanding shares of SEABOARD REALTY CO. or 50% or more interest in said SEABOARD REALTY CO. . . .* That the deponent is prepared to comply fully with all of the provisions of Section[s] 4658 and 4659 and hereby requests that the instant proceedings for the dissolution of the corporation be stayed pursuant to Section[s] 4658 and 4659. . . . Deponent further requests that the Receiver previously appointed be avoided or terminated and the Receiver himself be discharged

"Finally, deponent requests that the Court, pursuant to Section[s] 4658 and 4659, proceed to appoint three commissioners and take all other steps pursuant to said sections."

On February 29, 1960, Kreutzer filed an additional declaration wherein he incorporated "a photostatic copy of the balance sheet of the defendant corporation as of February 17, 1960 and the statement of profit and loss for the period from February 4, 1959 to February 17, 1960 . . . for the purpose of permitting the Court to fully understand the financial situation and status of the defendant corporation, for the purpose of the Motion herein being made. . . ."

On March 2, 1960, defendant's memorandum of points and authorities in support of motion pursuant to sections 4658 and 4659 of the Corporations Code was filed. *Therein it was urged that "the fact that no stock was issued is irrelevant to the application of Section 4658."* (Italics added.) Defendant relied upon and cited to the court Corporations Code section 103, 12 Cal.Jur.2d, p. 667, and the case of *Alvak Enterprises* v. *Phillips,* 167 Cal.App.2d 69 [334 P.2d 148, 338 P.2d 582].

The corporate defendant filed its answer on March 17, 1960.

There is both a minute order and a written order dated April 22, 1960.[3] The minute order makes reference to the written order and provides in part as follows:

"Motion of defendant (1) for order staying proceedings, (2) to void and terminate Receivership, (3) for further order appointing Commissioners to Appraise fair cash value of

---

of the shares or respective interests in the corporation, or upon the value of the corporate assets.

"Kindly be advised that Joseph W. Kreutzer intends to comply fully with the provisions of Sections 4658 and 4659 of the Corporations Code in so purchasing and electing to purchase the shares of the plaintiff, Alex Brodsky or his interest in the corporation, Seaboard Realty Co."

3The orders dated April 22, 1960, were subsequently vacated by the minute order dated March 3, 1961, and the written order dated and filed March 22, 1961. (See *infra.*)

shares or interest of plaintiff in corporation (Submitted March 2, 1960)—Motion granted in part and written order hereto signed by the Court and filed. Bond fixed in the amount of $10,000.00. Appraisers Alfred E. Rogers, Prentiss Moore and Richard S. Sparks are appointed pursuant to Section 4659 of the Corporations Code.''

The written order referred to above provides in part that: ''. . . the Motion of the defendant, SEABOARD REALTY Co. is hereby granted; and . . . in view of the election and offer by . . . KREUTZER, the holder of 50% or more of the shares of the corporation . . . to purchase the interest or shares of the plaintiff . . . in the said corporation, which offer and election has been made pursuant to Section 4658 of the Corporations Code, that the action and proceedings herein be and the same hereby are stayed pending the proceedings to be taken and had under Section 4659 of the Corporation Code; and . . . the receivership heretofore ordered by this Court, dated February 10, 1960, and which Order appointed R. E. ALLEN, as Receiver of the defendant corporation, be and the same hereby is stayed; . . . that . . . KREUTZER, the said holder of 50% or more of the shares of the defendant corporation, file with this Court a bond in the amount of $10,000.00, to protect the interest and right of the plaintiff in the defendant corporation and for the purchase of insuring the plaintiff the payment for the value of his shares or interest in the corporation; and . . . the following named appraisers be and they are hereby appointed, pursuant to Section 4659 of the Corporations Code to appraise the fair cash value of plaintiff's share or interest in the said defendant corporation. . . .''

On February 15, 1961, plaintiff filed a notice of motion seeking an order ''1. Appointing a receiver to hold and keep the real property and other assets of the defendant corporation; 2. Increasing to $25,000.00 the bond posted by . . . KREUTZER in accordance with the court order of April 22, 1960; and 3. Instructing the appraisers appointed under the order of April 22, 1960 to continue the appraisal of the value of the stock of the plaintiff in defendant corporation by examining such matters as (a) Payment of salaries to . . . Kreutzer; (b) Use of corporation assets by Joseph W. Kreutzer; (c) Sale of corporate assets to the family of Joseph W. Kreutzer.'' Plaintiff's motion was made upon the grounds that ''1. Joseph W. Kreutzer and/or his assignees have filed an action against the corporation and threaten to strip the corporation of its assets; that said . . . Kreutzer continues to diminish the assets

of the corporation and to misapply and waste said assets; 2. The preliminary appraisal of the appraisers shows that the value of the plaintiff's interest is at least $25,000.00; and 3. That under the original order of the court of April 22, 1960, the court instructed the appraisers to value the interest of plaintiff's stock in the defendant corporation.''

The affidavit of plaintiff's attorney in support of the motion asserted in part that Kreutzer ''has threatened to further remove the assets of the corporation and to this end has assigned loans of the corporation to another person for action against the corporation. That during the period that . . . Kreutzer was lending money to the corporation, he was drawing a salary of $1,000.00 per month and sold all of the trust deeds due the corporation to his daughter for one-half ($\frac{1}{2}$) of their face value.''

On February 20, 1961, defendant corporation filed a notice of motion seeking an order '' (1) Vacating the Order . . . made in this cause on April 22, 1960. (2) Dismissing the motion of defendant noticed on February 15, 1960 [i.e. filed February 17, 1960], and heard on March 2, 1960. (3) Returning the cash $10,000.00 bond heretofore posted by . . . Kreutzer, in accordance with said Court Order of April 22, 1960.''

The above motion was made upon the grounds that ''1. Said Order of April 22, 1960, was void ab initio for the reason that it was made pursuant to the provisions of Sections 4658 and 4659 of the Corporations Code, and said sections were not applicable because at the time said Order was made no shares of defendant corporation had ever been issued. 2. . . . Kreutzer has withdrawn his purported offer to purchase stock purportedly owned by plaintiff. 3. The appraisers appointed by the Court have failed to act pursuant to said Order of the Court of April 22, 1960, and this matter can be brought to trial and heard on its merits before an appraisement could be made. 4. Defendant corporation is now in such bad financial condition that it cannot await action on the part of dilitory [sic] appraisers. 5. The offer made by . . . Kreutzer on February 15, 1960, to purchase stock purportedly held by plaintiff was made upon the implied understanding that the appraisers would promptly act and the matter could be promptly disposed of. The appraisers failed to act and the financial condition of the corporation has radically changed since February 15, 1960, and . . . Kreutzer is no longer interested in purchasing stock purportedly held by plaintiff, or plaintiff's alleged inter-

est in defendant corporation. 6. That plaintiff has now moved the Court for the appointment of a receiver.''

Kreutzer's declaration in support of the above motion was filed February 20, 1961, and provides in pertinent part that since the corporation was organized, he ''has invested in or loaned to defendant corporation the sum of $23,639.28, while plaintiff has invested in or loaned to the corporation only $6,604.90''; that he personally guaranteed a loan in the sum of $5,500 made to the corporation by the Union Bank; that he has not drawn any salary from defendant corporation since the Order of April 22, 1960; that the corporation has an equity in 1,070 acres of unimproved desert land, all of which is subject to first and second trust deeds and that the corporation is in default with respect to first and second trust deeds on 910 acres in the approximate amount of $5,759; that foreclosure has been threatened by the holders of the first and second trust deeds with respect to 910 acres of land; that since the order of April 22, 1960, plaintiff has contributed neither time nor money to defendant corporation and that the present financial situation of the corporation is the direct result of plaintiff's failure and refusal to contribute funds. Declarant then incorporates by reference a copy of the letter of February 15, 1960 (see footnote 2), whereby declarant offered and elected to purchase plaintiff's shares or interest in the corporation.

Kreutzer further declares that ''on February 17, 1961, declarant sent to plaintiff and his attorney a letter . . . a copy of which is hereto attached, marked Exhibit B, and by this reference incorporated herein[4]. That by declarant's said letter of February 17, 1961, declarant has withdrawn any offer heretofore made to plaintiff to purchase outstanding shares of defendant corporation.''

In addition Kreutzer declared that the defendant corporation had never issued any shares of stock and none had ever been outstanding; that the financial condition of the corporation had radically deteriorated since February 15, 1960, when the offer was made to purchase plaintiff's stock in the corporation; that the offer had been made upon the implied understanding that an appraisement would be promptly made, and that no valuation of the fair cash value of plaintiff's interest in said corporation has yet been made.

---

[4]The letter of February 17, 1961 (Exhibit B) provides that:

''Notice is hereby served upon you that the offer set forth in a letter dated February 15, 1960, which was sent to you by Attorneys Joseph Henry Wolf and Paul Wyler is hereby withdrawn.''

A minute order dated March 3, 1961, provides as follows:

*"Motion of defendant* (1) to vacate order made on April 22, 1960 (2) to dismiss Motion of defendant heard on March 2, 1960 (3) for return of cash bond posted by Joseph W Kreutzer—Motion (1) to vacate order of April 22, 1960 is granted; (2) to dismiss motion heard March 2, 1960, is denied; (3) for return of cash bond posted by Kreutzer is granted; [emphasis added].

*"Motion of plaintiff* (1) for appointment of Receiver (2) for increase of bond posted by Kreutzer (3) to instruct appraisers to continue appraisal—Motion (1) for appointment of receiver is ordered off calendar; (2) for increase of bond posted by Kreutzer is denied; and (3) to instruct appraisers to continue is denied." (Emphasis added.)

"[A]nd all as more particularly set forth and subject to the terms and conditions to be contained in a written order to be prepared by attorney for defendant."

On March 13, 1961, plaintiff filed a notice of motion to reconsider the ruling of March 3. In the points and authorities filed therewith it was urged first that "Kreutzer has elected, under the code, to purchase plaintiff's shares in the defendant corporation and having so elected cannot at this late date return to the original remedy of appointment of a receiver and dissolution of the corporation." Secondly, it was urged that "there was an offer by Kreutzer to purchase the plaintiff's shares in the defendant corporation and that the plaintiff, by court order, accepted such offer. If this is the situation, then the only way that the order of this court by April 22, 1960 could be vacated is by Kreutzer rescinding the contract" and that "the attempt of Kreutzer to rescind should fall for (1) want of grounds for such rescission and (2) failure of Kreutzer to return or offer to return the plaintiff to the status quo, a condition precedent to an action for rescission."

On March 20, 1961, defendant corporation filed points and authorities and a declaration of Kreutzer in opposition to plaintiff's motion for reconsideration of the March 3 order.

By minute order dated March 22, 1961, plaintiff's motion to reconsider the ruling made March 3, 1961, was denied.

Also, on March 22, 1961, the written order referred to in the minute order dated March 3, 1961, was signed and filed. This written order provides in part that:

"IT IS ORDERED that JOSEPH W. KREUTZER shall be made a party intervenor in this action, and that ROBERT

S. BUTTS may be substituted as attorney of record for JOSEPH W. KREUTZER, intervenor.

"*IT IS FURTHER ORDERED that the motion to vacate the Order of this Court under date of April 22, 1960, is granted;* that the motion to dismiss the motion heard on March 2, 1960 is denied; *that the motion for return of the cash bond in the amount of $10,000.00 heretofore posted by JOSEPH W. KREUTZER is granted;*

"*IT IS FURTHER ORDERED that the motion for the appointment of a receiver shall go off calendar, R. E. ALLEN having heretofore been appointed receiver on February 10, 1960. IT IS FURTHER ORDERED that the said R. E. ALLEN shall proceed with his duties as such receiver upon filing his oath and bond;*

"*IT IS FURTHER ORDERED that defendant JOSEPH W. KREUTZER is relieved of his election to purchase the shares of stock of defendant corporation made on February 15, 1960;*

"*IT IS FURTHER ORDERED that plaintiff's motion to increase bond to the amount of $25,000.00 is denied;*

"*IT IS FURTHER ORDERED that plaintiff's motion to instruct appraisers is denied.*

"*IT IS FURTHER ORDERED that the Clerk of the Superior court shall forthwith release to said JOSEPH W. KREUTZER his cash bond heretofore posted in the amount of $10,000.00.*" (Italics added.)

On March 23, 1961, plaintiff filed his notice of appeal whereby he appeals from those portions of the written order filed March 22, 1961, which have been italicized above.

It is appellant's position that the trial court erred in allowing Kreutzer to be relieved of his election to purchase plaintiff's interest in the corporation, and in returning the $10,000 bond to Kreutzer.

Respondents, on the other hand, assert first that the trial court was justified in vacating the order of April 22, 1960, upon the ground that the order of April 22, 1960, was void *ab initio* because "respondent corporation had never issued any shares of stock and . . . Section 4658 [i.e. Corporations Code] is intended to be applied only to corporations with stock issued and outstanding, and therefore could not be applied to the respondent corporation."

The first issue may be stated as follows: *Under the facts presented (i.e.,* where plaintiff and Kreutzer each have a

50 per cent interest in the corporation; and where the corporation has authorized the issuance of 1,000 shares of stock—500 shares to plaintiff and 500 shares to Kreutzer—so that had the shares of stock been issued each would have been a 50 per cent shareholder; and where plaintiff seeks the involuntary dissolution of the corporation) *does the fact that the corporation never issued any shares of stock deprive Kreutzer of the right to avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock (i.e. interest) owned by plaintiff under section 4658, Corporations Code?*

This is apparently a case of first impression. In *Alvak Enterprises* v. *Phillips,* 167 Cal.App.2d 69, 73 [334 P.2d 148, 338 P.2d 582] a motion to stay dissolution of the corporation and proceed under section 4658 was taken under submission prior to the time that the corporation issued any shares of stock. Thereafter, prior to the court ruling, stock was issued.

It is stated in 12 California Jurisprudence 2d, Corporations, section 89, page 667, that ''A share means the aliquot interest which a shareholder has in the corporation. It consists of an undivided interest in the common property, assets, profits, or business of the corporation.''

In the memorandum of points and authorities in support of motion pursuant to sections 4658 and 4659 of the Corporations Code filed March 2, 1960, it is stated in pertinent part as follows:

''While no stock was issued despite the minutes, which called for the issuance of 500 shares to each of the two persons, the fact that no stock was issued is irrelevant to the application of Section 4658. Section 303 of the Corporations Code reads as follows:

'' ' ''Shareholder'' or ''stockholder'' or ''holders of shares'' means ''holder of record of shares'' and includes a subscriber to shares in cases in which no certificates are outstanding, and a member of a nonstock corporation.'

''The minutes herein clearly indicate that both the plaintiff and JOSEPH W. KREUTZER subscribed to 500 shares of stock each. . . .''

Had the authorized shares of stock been issued and outstanding in the case at bar, then plaintiff and Kreutzer would each be a holder of ''50 percent or more of the outstanding shares of the corporation.''

It is not a prerequisite to corporate existence that there be shares of stock issued or outstanding: The corporation comes

into existence when its articles of incorporation are filed with the Secretary of State. (*Flash Cleaners, Inc.* v. *Columbia Appliance Corp.*, 156 Cal.App.2d 455, 458 [319 P.2d 454]; *I. W. Williams Co.* v. *Leong Sue Ah Quin*, 44 Cal.App. 296, 298 [189 P. 401]; Corp. Code, § 308.)

Section 4658 is clear as to its application where there are outstanding shares of stock and we believe it is equally applicable where no shares of stock have been issued under the facts presented in this case.

It is fundamental, under the rules of statutory construction, that statutes are to be given a reasonable interpretation and that a literal construction which will lead to absurd results and render nugatory the very purpose for the enactment of the statute will be avoided. (*Kasunich* v. *Kraft*, 201 Cal.App.2d 177 [19 Cal.Rptr. 872]; *Select Base Materials, Inc.* v. *Board of Equal.*, 51 Cal.2d 640, 645 [335 P.2d 672]; *Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 223 [273 P.2d 5]; *Warner* v. *Kenny*, 27 Cal.2d 627, 629 [165 P.2d 889]; *Dempsey* v. *Market St. Ry. Co.*, 23 Cal.2d 110, 113 [142 P.2d 929]; 45 Cal.Jur.2d, Statutes, § 130, pp. 637-638.) The language of a statute should be construed to effect, rather than defeat, its evident object and purpose. (*East Bay Garbage Co.* v. *Washington Township Sanitation Co.*, 52 Cal.2d 708, 713 [344 P.2d 289].)

It is apparent that the purpose of section 4658 was to provide a means whereby the majority of shareholders could "avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value."

Under the circumstances the failure of the corporation to issue any stock is not fatal to the application of section 4658 and therefore the order of April 22, 1960, was not void *ab initio.*

The main thrust of appellant's position is stated in his opening brief as follows:

". . . [W]hen the intervener, Kreutzer, invoked the provisions of Corporations Code Section 4658 HE MADE AN ELECTION and under the normal usage of the terms he chose between the two existing modes or procedures of relief, the involuntary dissolution of the corporation on one hand, and the staying of the involuntary dissolution and purchase of the appellant's shares or interest on the other hand.

". . . [T]hat the election once made is conclusive and an absolute bar to any other action by the intervener, Kreutzer." (Emphasis added.)

His position that the election "is conclusive and an absolute bar" and therefore there is no discretion in the court to relieve Kreutzer from his election cannot be sustained because, among other things, of the express terms of section 4659, which provides in pertinent part that:

". . . The decree [i.e. for the amount of the award against the shareholders electing to purchase and the surety or sureties on the bond] may be in the alternative, and provide for winding up and dissolution of the corporation unless payment is made for the shares within the time specified by the decree. Any shareholder aggrieved by the action of the court may appeal therefrom."

It is apparent that the question of whether Kreutzer should be relieved of his election to purchase appellant's interest is within the discretion of the trial court. The next issue is whether the trial court abused its discretion.

What is stated in *Alvak Enterprises* v. *Phillips,* 167 Cal.App.2d 69 [334 P.2d 148, 338 P.2d 582] is pertinent to this issue. The court stated at page 77 as follows:

"[11] On appeal from an order based on conflicting affidavits it will be presumed that the trial court found as true the facts most favorable to the prevailing party. (*Huskey* v. *Berini,* 135 Cal.App.2d 613, 619 [288 P.2d 43]; *Maselli* v. *E. H. Appleby & Co., Inc.,* 117 Cal.App.2d 634, 648 [256 P.2d 618].) [12] ' " 'An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated. When the evidence is conflicting, it will be presumed that the court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of evidence or the credibility of witnesses, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary. [13] In the consideration of an order made on affidavits involving the decision of a question of fact, the appellate court is bound by the same rule as where oral testimony is presented for review.' " ' (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 507 [289 P.2d 476, 47 A.L.R.2d 1349]; *Bailey* v. *County of Los Angeles,* 46 Cal.2d 132, 137 [293 P.2d 449]; *Murray* v. *Superior Court,* 44 Cal.2d 611, 619 [284 P.2d 1]; *Byrnes* v. *Johnson,* 138 Cal.App.2d 443, 446 [292 P.2d 1]; *Russell* v. *Landau,* 127 Cal.App.2d 682, 690, 695 [274 P.2d 681]; *In re Jost,* 117 Cal.App.2d 379, 388 [256 P.2d 71].)

518

■ "[14] As a consequence, when an issue is tried by affidavits and the evidence presented thereby is conflicting, on appeal from an order based thereon, those facts in support of that order will be accepted as true whether they are supplied by affidavits of the losing party or the prevailing party, or both."

■ Viewing the evidence in accordance with the above-stated rule the facts disclose that since the corporation was organized Kreutzer had invested in or loaned to the corporation the sum of $23,639.28, while appellant had invested or loaned to it only $6,604.90; that Kreutzer had personally guaranteed a loan in the amount of $5,500 made to the corporation by the Union Bank; that Kreutzer had drawn no salary from the corporation since April 22, 1960; that the main corporate assets consisted of an equity in 1,070 acres of unimproved desert land, all of which were subject to first and second trust deeds; that as of February 1961 the corporation was in default in payments of these second trust deeds in the amount of $5,759.55; and that since April 22, 1960, appellant had contributed neither time nor money to the corporation, violating the original agreement between respondent and appellant that each should contribute equal amounts of money to the corporation.

Under the circumstances the trial court did not abuse its discretion.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.