[Civ. No. 32022. First Dist., Div. Three. Nov. 25, 1974.]

CERTIFICATED EMPLOYEES COUNCIL OF THE RICHMOND
UNIFIED SCHOOL DISTRICT et al., Plaintiffs and Appellants, v.
RICHMOND UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

**COUNSEL**

White, Giambroni & Walters and Francis R. Giambroni for Plaintiffs and Appellants.

John B. Clausen, County Counsel, Arthur W. Walenta, Jr., Assistant County Counsel, and William W. Ward, Deputy County Counsel, for Defendant and Respondent.

OPINION

**BROWN (H. C.), J.**—Appellants sought a writ of mandate to set aside respondent's decision changing rules governing employees which had been passed prior to taking the steps required by the Winton Act for resolving persistent disagreements. It is concluded that the object and purpose of the Winton Act would be frustrated if the employer could act before receiving the recommendations and findings of the committee to resolve the dispute and that the writ should be granted.

The parties agree on the accuracy of the findings of fact which reveal the following:

On February 23, 1972, the Board of Education of the Richmond Unified School District modified item 4.5 of section 111.04 and deleted item 6 of section 121.04 of the rules and regulations of the Certificated Employees Council of the Richmond Unified School District. Item 4.5 of section 111.04 originally read as follows: "Any adverse evaluation of teacher performance asserted by the Board or any agent or representative thereof, shall be subject to the grievance procedure herein set forth."

After modification, this rule provided as follows: "Inasmuch as teacher protection and recourse is afforded by California law in cases of adverse evaluation and recommendation for nonretention, the District grievance procedure will not apply."

Item 6 of section 121.04, which the Board of Education of the Richmond Unified School District deleted, provided: "An organization may pursue a case it deems important to membership even though the principals do not wish to continue." .

For more than 30 days prior to February 15, 1972, representatives of the board of the Richmond Unified School District and representatives of the certificated employees council of the district had negotiated in regard to these items. On February 15, 1972, the representatives of the board informed the certificated employees council that the changes in the two rules would be executed even though no agreement had been reached between the parties. The council then gave written notice dated February 18, 1972, that a persistent disagreement existed pursuant to Education Code sections and requested the appointment of a three-man, fact-finding panel pursuant to section 13087.1 of the Education Code. The board, however, carried out its intention to change the two rules without taking steps under section 13087.1.

The dispute between the parties to this appeal comes within the provisions of the Winton Act (Ed. Code, § 13080 et seq. [Stats. 1965, ch. 2041, p. 4660, as amended by Stats. 1970, ch. 1412, p. 2680 and ch. 1413, p. 2683]) since it involves a matter relating to employer-employee relations and appellant is the duly created organization representing the certificated employees of the school district.

The Winton Act, among other things, requires a public school employer to "meet and confer" with representatives of certificated employee organizations upon request with regard to all matters relating to employment conditions and employer-employee relations. (Ed. Code, § 13085.) " 'Meet and confer' means that a public school employer . . . and representatives of employee organizations shall have the mutual obligation to exchange freely information, opinions, and proposals; and to make and consider recommendations under orderly procedures in a conscientious effort to reach agreement by written resolution, regulation, or policy of the governing board effectuating such recommendations." (§ 13081, subd. (d).)

If the parties after meeting and conferring have not resolved a difference between them within a reasonable period of time, there exists between them a "persistent disagreement" as defined in section 13081, subdivision (e). Section 13087.1 provides in relevant part as follows: "In the event the parties cannot agree on a procedure for the resolution of persistent disagreements, the parties, at the request of one of them, shall refer any persistent disagreement to a committee of three persons, one selected by the school employer, one selected by . . . the certificated employee council . . . and in turn those persons shall select the third member. The committee shall report its findings to the parties at a public meeting of the parties. The committee may report recommendations to the parties at a public meeting upon the prior written agreement of both parties. Such findings and recommendations shall not be binding on the parties."

Section 13088 further provides that the enactment of the Winton Act "shall not be construed as prohibiting a public school employer from making the final decision with regard to all matters specified under Section 13085."

As the board was not bound by the findings and recommendations of the committee of three (§ 13087.1), it chose not to await any findings or recommendations. While it is clear that the board could ultimately reach a result contrary to the recommendations of the committee, to reach the result without considering the recommendations would render nugatory the statutory scheme for the consideration of persistent disputes. The

same reasoning could as well apply to the "meet and confer" requirements and thus frustrate the very purpose of the Winton Act which is to allow certificated employees a voice in the formulation stage of the decisions to which the act pertains. (See Ed. Code, § 13080.)

Respondent argues that the board may still consider the recommendations and findings of the committee after it has acted and then alter its action. Respondent concedes, however, as it must, that in many situations the act of the board would be one legally binding, in which event the persistent disagreement procedure would be a useless act.

It is recognized that the Legislature did not expressly provide that the procedures of section 13087.1 must precede a final decision of the board. The Legislature did express, by the use of the word "shall," its intention that the procedure of section 13087.1 be mandatory rather than permissive. (See *California Federation of Teachers* v. *Oxnard Elementary Schools* (1969) 272 Cal.App.2d 514, 529 [77 Cal.Rptr. 497].) Under the respondent's reasoning, the Legislature, in many situations, would be requiring an entirely futile procedure and, in all situations, a procedure with reduced effectiveness. This is contrary to a basic principle of statutory interpretation, the presumption of reasonableness. "It is fundamental, under the rules of statutory construction, that statutes are to be given a reasonable interpretation and that a literal construction which will lead to absurd results and render nugatory the very purpose for the enactment of the statute will be avoided. (Citations.) The language of a statute should be construed to effect, rather than defeat, its evident object and purpose. (Citation.)" (*Brodsky* v. *Seaboard Realty Co.* (1962) 206 Cal.App.2d 504, 516 [24 Cal.Rptr. 61].)

The trial court was impressed with respondent's contentions that the procedure sought by respondent could thwart the board's duty to govern the schools. It may be conceded that situations may arise where impossibility prevents the parties from pursuing the procedure of section 13087.1 or delay threatens irreparable damage. Such a situation is not presented by the case at hand. No extraneous circumstances required haste in the decision on the rules nor had the procedure of section 13087.1 come to a standstill.

To effectuate the purpose of the Winton Act, it is clear that the fact finding and recommendations should precede the decision of the employer. Such a sequence will not normally conflict with the admonition of section 13088 that the Winton Act shall not be construed as *pro-*

*hibiting* the employer from making the final decision. It is noted that the admonition does not extend to a construction *delaying* the final decision. If the normal sequence acts, in effect, to prohibit the employer from making the final decision, this sequence may be required to yield. Here, there is no conflict between sections 13087.1 and 13088 and no reason appears to alter the sequence which renders effective the purpose of the statutory scheme.

The judgment of the trial court is reversed and the matter is remanded to the trial court with directions to issue the writ of mandamus to order respondent's modification of item 4.5 of section 111.04 and its deletion of item 6 of section 121.04 of the rules and regulations for the Certificated Employees Council of the Richmond Unified School District be set aside, and to further order that said school district be directed to follow the procedures set forth in section 13087.1 of the California Education Code.

Coughlin, J.,* concurred.

**DRAPER, P. J.**—I concur. Respondent points out situations in which the time requirements of the Education Code (as those for adoption of budget and fixing of tax rate) would necessarily bar all action if the provision of section 13087.1 were invoked at a late date. No such problem, however, is even suggested here and, as pointed out in the principal opinion, a rule of reason would, in such situation bar a thwarting of necessary action by the board. In such situations as that before us, there is no reason to depart from procedures which the Legislature has deemed essential to carry out the salutary purposes of the Winton Act.

A petition for a rehearing was denied December 24, 1974, and respondent's petition for a hearing by the Supreme Court was denied January 23, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.