[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant were parties to a contract which CT Page 113 in effect involved their exchanging houses for a period from January to September 1984. The plaintiff owned a home in California and the defendant owned a home in Connecticut. The defendant, a Special Agent with the Federal Bureau of Investigation was undergoing training in California during 1984 and the leases were entered into in California, where both parties were at the time of execution of the contract.
The plaintiff became unhappy with the Connecticut home of defendant and returned to California, where she initiated a suit alleging a breach of contract and fraud.
The defendant was served with a copy of plaintiff's complaint in New Haven, Connecticut on February 6, 1987; and the complaint was returned to the Monterey Municipal Court on March 16, 1987. The defendant failed to appear in the California litigation and a default judgment was entered against him on April 22, 1987. (Plaintiff's Exhibit A).
The plaintiff may not simply file and enforce her judgment pursuant to Connecticut General Statutes Section 52-604; because it is a default judgment. (Connecticut General Statutes Section 52-604).
Plaintiff seeks to in effect domesticate her judgment and maintain an action on it pursuant to Connecticut General Statutes Section 52-610 Uniform Foreign Money-Judgment Recognition Act.
The defendant claims that the plaintiff's judgment should not be recognized by this court because the California court did not have personal jurisdiction over the defendant. (Defendant's Trial Brief "Issue" p. 4). Pursuant to Connecticut General Statutes Section 52-614 (2) lack of personal jurisdiction over the judgment debtor is a basis for nonrecognition.
The Uniform Foreign Money Judgment Recognition Act further provides in pertinent part Connecticut General Statutes Section 52-615 Personal Jurisdiction. (a) The foreign judgment shall not be refused recognition for lack of personal jurisdiction if:
(3) The judgment debtor prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved.
(b) The courts of this state may recognize other bases of jurisdiction.
The California litigation involved the plaintiff's alleged breach of contract and fraud claims that "Defendant failed to provide plaintiff with a residence in habitable condition, and CT Page 114 defendant damaged personal property belonging to plaintiff."
In that the Uniform Act was not adopted in this state until 1988, we must look to analogous authority for assistance in applying it.
The issue in this case is similar to that in a common law suit to bring an independent action on a foreign judgment. See Seaboard Surety Company v. Waterbury, 38 Conn. Sup. 468,451 A.2d 291 (1982). The common law also provided that if the foreign judgment was not based on valid in personam jurisdiction over the debtor-defendant, then such party was entitled to a trial on the merits. Rathkopf v. Pearson, 148 Conn. 261, 265 (1961).
The determination of California in personam jurisdiction over the defendant, requires an examination of California's "long arm" statute. California Civil Code Section 410.10. This analysis is directed by our Supreme Court, see Lombard Brothers Inc. v. General Asset Management Company, 190 Conn. 245, 460 A.2d 481
(1983) where it was held:
"Our analysis of the competing claims of the parties cannot, however, begin, with the due process clause. Our first inquiry must be whether our long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. Only if we find the statute to be applicable do we reach the question whether it would offend due process to offset jurisdiction."
Section 410.10 of the Code of Civil Procedure provides "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." This section thus includes all bases of judicial jurisdiction. (Qualthrone v. Superior Court, 44 Cal.App. 296,302, 118 Cal.Rptr. 548; Judicial Council comments to Code Civ. Proc. Section 410.10, 14 West's Ann. Code Civ. Proc. (1973 ed) p. 459) and manifests an intent that the courts of California utilize all such bases, limited only by constitutional considerations. Sibley v. Superior Court, 16 Cal.3d 442, 445, 128 Cal.Rptr. 34,546 P.2d 322 (1976).
In Sibley v. Superior Court, supra, the court recognized the principles established by the United States Supreme Court in International Shoe v. Washington, 326 U.S. 310, 316-317,66 S.Ct. 154, 90 L.Ed. 95, (1945) and Hanson v. Denckla, 357 U.S. 235,253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and emphasized an analysis of whether the nonresident "purposely availed himself of the privilege of conducting business in California or of the benefits and protections of California laws. . ."16 Cal.3d at p. 447, 128 Cal. Rptr at p. 37, 546 P.2d at p. 325). CT Page 115
Defendant in the instant case had in California entered into a contract or contracts (two cross leases, Plaintiff's Exhibit A) performance of part of which was to take place in California. Certainly, the terms of the lease of California property would be under "the benefits and protections of California law."
Contrary to defendant's claim in his brief, the breach of contract claim refers to allegations that "defendant damaged personal property belonging to plaintiff;" actions which would by necessity have occurred in California.
The execution of the contract in California by defendant, negotiation of contract in California by defendant and performance of portions of the contract in California would certainly satisfy the constitutional due process requirements and validate California in personam jurisdiction. World Wide Volkswagon v. Woodson, 444 U.S. 286 (1978).
The defendant has failed to demonstrate that the California court did not have personal jurisdiction over the judgment debtor; thus pursuant to Connecticut General Statutes Section 52-610 et seq. and the "full faith and credit" clause of theUnited States Constitution, Article 4, Section 1; plaintiff is entitled to judgment in Connecticut in accordance with her California judgment.
Judgment enters for the plaintiff against the defendant in the total sum of $5,842.90.
McWEENY, J.